## HANKS DENTAL ASS'N v. INTERNATIONAL TOOTH CROWN CO.

(Circuit Court of Appeals, Second Circuit. March 12, 1903.)

No. 83.

1. RES JUDICATA—SUIT FOR INFRINGEMENT OF PATENT—PERSONS CONCLUDED.
    The mere fact that the defendants in two suits for infringement of the same patent were both members of an association which contributed to the defense in each case, does not render the decree in the first suit an adjudication binding on the defendant in the second, or which he can plead in bar of that suit, in the absence of knowledge by the plaintiff at the time of the true relation of such defendant to the former suit.

In Error to the Circuit Court of the United States for the Southern District of New York.

Charles K. Offield and Philip B. Adams, for plaintiff in error.
Walter D. Edmonds and Philip C. Peck, for defendant in error.

Before WALLACE and COXE, Circuit Judges.

COXE, Circuit Judge. This is an action at law by the International Tooth Crown Company, the defendant in error and plaintiff below, to recover damages for infringement of letters patent No. 238,940, dated March 15, 1881, to James E. Low for a new and useful improvement in dentistry. The cause was brought to trial in October, 1901, and resulted in a verdict in favor of the plaintiff for $437. From the judgment entered thereon the defendant, the Hanks Dental Association, sued out a writ of error. 111 Fed. 916.

A former suit in equity had been brought upon the Low patent by the plaintiff against Dr. Allen G. Bennett in the United States Circuit Court for the Eastern District of New York. The patent was there declared invalid. Judgment was entered in the Circuit Court and subsequently affirmed on an appeal to this court. 72 Fed. 169, affirmed 23 C. C. A. 179, 77 Fed. 313.

It is alleged that the United States Dental Protective Association, which is defending the suit at bar, also conducted the defense in the Bennett Case; that the defendant here and the defendant in the Bennett Case are both members of the said protective association, whose object is to defend all dentists sued for infringement of the Low patent. The defendant pleads the Bennett judgment as a bar to the prosecution of the present suit.

Prior to the trial Edmund F. Hanks, who is president of the defendant, the Hanks Dental Association, was ordered to attend before a master and submit to an examination pursuant to section 870 et seq. of the Code of Civil Procedure of the state of New York. His examination was taken after objection at each stage of the proceedings, and portions of the deposition were read in evidence upon the trial by the plaintiff, after being duly objected to by the defendant. This deposition furnished the only evidence to support the claim of infringement. In view of the diversity of opinion as to whether or not this practice of examining a party prior to trial is

permitted by the act of March 9, 1892 (27 Stat. 7 [U. S. Comp. St. 1901, p. 664]), we have thought it .wise to certify this question to the Supreme Court, in order that the practice may be finally settled and be uniform throughout the United States. If the question be determined in favor of the plaintiff below, there is no reason why the judgment should not be affirmed.

The only other question which merits discussion is that relating to the plea of res judicata. We do not think the allegations of the answer or the proposed proof sufficient to warrant us in finding that the plaintiff is estopped from asserting the validity of the Low patent. It may well be if the defendant the Hanks Dental Association had contributed openly and notoriously to the defense of the Bennett suit to the knowledge of the plaintiff, that the plaintiff would be bound by that judgment in the present action. To make the judgment available as a plea in bar or as conclusive evidence, it must appear that the parties were the same or in privity. The situation must have been such that the Hanks Dental Association would have been estopped from asserting the invalidity of the patent had the judgment been against Bennett. The mere fact that Bennett and defendant are members of an association which has contributed to the defense of each, does not warrant the conclusion that a judgment against one is conclusive against the other, or that a judgment in favor of one inures to the benefit of the other in the absence of knowledge by the plaintiff of the true relations between them. The plaintiff must have known at the time that the Hanks Company was contributing to the defense of the Bennett suit.

The other exceptions relate to refusals to charge propositions requested by the defendant. After careful consideration of the charge we are of the opinion that the case was submitted to the jury. as fairly for the defendant as the facts justified, and that there was no error in refusing to charge as requested.