VAN KANNEL REVOLVING DOOR CO. v. UHRICH et al.

(District Court, D. Kansas, Third Division. June 8, 1916.)

No. 37-N.

1. PATENTS ⊚⟜301(4)—SUIT FOR INFRINGEMENT—RELIEF—DISCONTINUANCE OF INFRINGEMENT BEFORE SUIT.

That defendant in an infringement suit had ceased making the alleged infringing devices before the suit was brought does not deprive the court of jurisdiction to grant injunctive relief and accounting if infringement is found.

2. PATENTS ⊚⟜328—VALIDITY AND INFRINGEMENT—REVOLVING DOOR.

The Van Kannel patent, No. 656,062, for a revolving door, claims 1, 2, and 8, held valid on prior adjudications, and infringed by structures in which mechanically equivalent parts were substituted for some of those of the patent.

3. PATENTS ⊚⟜328—VALIDITY—REVOLVING DOOR.

The Van Kannel patent, No. 836,843, for a revolving door, claim 3, held void for lack of invention, in view of the prior patent, No. 656,062, to the same inventor.

In Equity. Suit by the Van Kannel Revolving Door Company against Oscar W. Uhrich and Burns H. Uhrich, doing business as the Atchison Revolving Door Company. Decree for complainant in part, and for defendants in part.

Appeal dismissed, 245 Fed. 991, —— C. C. A. ——.

Titian W. Johnson, of Washington, D. C., for plaintiff.
Helm & Helm, of Louisville, Ky., for defendants.

POLLOCK, District Judge. This is a suit to restrain infringement of letters patent No. 656,062, granted T. Van Kannel, August 14, 1900, and also letters patent No. 836,843, granted same person, November 27, 1906, covering methods of construction of collapsible revolving doors.

[1] As to the alleged infringing devices heretofore manufactured by defendants and designated as plaintiff's Exhibits A, B, and C, defendants disclaim they were making the same at the date this suit was instituted; hence said structures need not here be further considered, except it may be said such disclaimer, it is thought, will prevent neither the granting of the injunctive relief prayed by plaintiff nor the recovery on an accounting against defendants if one be ordered. Deere & Webber Co. v. Dowagiac Mfg. Co., 153 Fed. 177, 82 C. C. A. 351, and cases cited.

This narrows the contested matters necessary to be investigated to the single question whether the revolving doors manufactured by

defendants designated in the record as plaintiff's Exhibits D and E, infringed upon rights granted to plaintiff as assignee of the above numbered patents.

Again, as shown by the record, it is only claims Nos. 1, 2, and 8 of patent No. 656,062, and claim 3 of patent No. 836,843 on which plaintiff relies.

[2] While by way of defense both the validity of the above-mentioned claims of plaintiff's patents and the alleged infringement by defendants is denied, yet the validity of claims 1, 2, and 8 of plaintiff's patent No. 656,062 have been so often placed in issue and upheld by the courts as to render further dispute stale and unprofitable, as will be seen by reference to the following cases: Van Kannel Revolving Door Company v. Nathan Strauss et al., 235 Fed. 135, 148 C. C. A. 629, Second Circuit; Louisville Trust Co. v. Van Kannel Door Co., 231 Fed. 166, 145 C. C. A. 354, Sixth Circuit, decided March 1, 1916; Van Kannel Revolving Door Co. v. Revolving Door & Fixture Co., Second Circuit, 219 Fed. 741, 135 C. C. A. 439. These claims read, as follows:

"(1) The combination in a revolving door, of a structure having wings mounted so as to be revoluble around a central axis in fixed radial relation thereto, said wings having also independent hinges so disposed that all of the wings may be folded and lie side by side so as to project in one direction from the center.

"(2) The combination in a revolving door of a structure mounted so as to rotate about a central axis, a series of wings mounted so as to swing independently of their joint rotating movement about said axis, and self-releasing locking devices, whereby said wings are normally retained in fixed radial relation to said central axis.

"(8) The combination in a revolving door, of a center post, with radiating wings normally locked to said center post, but mounted so that they will be automatically unlocked therefrom and swung forwardly to project side by side when pressure is exerted upon them in other than a normal direction."

As under the adjudicated cases the validity of the foregoing claims must be upheld and as in their nature they are combination claims, they must be held to cover not alone the precise form of construction therein contemplated, but also all mechanical devices and equivalents substituted by defendants in construction. Machine Co. v. Murphy, 95 U. S. 120, 24 L. Ed. 935; Paper Bag Patent Case, 210 U. S. 415, 28 Sup. Ct. 748, 52 L. Ed. 1122; United States v. Anciens Establissent, 224 U. S. 328, 32 Sup. Ct. 479, 56 L. Ed. 778.

A comparison of the doors manufactured by defendants at the time this suit was instituted with the above-quoted claims of plaintiff's patent No. 656,062 renders it entirely clear from the proofs, while there appear certain differences in form and shape of parts employed, yet it may not be doubted such differences constitute mere mechanical equivalents designed to accomplish the same result in method of operation and purpose to be accomplished. It follows said claims of plaintiff's patent must be held to be infringed by defendants' structure manufactured at the date of the institution of this suit.

[3] Again, while I do not find the validity of claim No. 3 of plaintiff's patent No. 836,843 covering the method of hinging the door to have been passed upon and determined by any court to which it has been

submitted, a comparison of the peculiar hinging device employed by defendants in their structure now under consideration is covered by said claim if valid. Hence the only remaining question to be considered concerns itself with the validity of said claim. This claim reads, as follows:

"(3) A revolving door having a suitable casing, a spindle centered therein with hanger-disks near its opposite ends, and a series of wings having fulcrum-pins movable upon such fulcrum-disks for folding all of the wings together upon one side of the spindle."

Claims 1, 2, and 13 of this patent were held void by the Circuit Court of Appeals for the Second Circuit in Van Kannel Revolving Door Co. v. Revolving Door & Fixture Co., 219 Fed. 741, 135 C. C. A. 439, and claims 1 and 2 of said patent by the Circuit Court of Appeals for the Sixth Circuit in Louisville Trust Company v. Van Kannel Revolving Door Company, supra.

The invalidity of the claims of patent No. 836,843 which have been heretofore adjudged by the courts is predicated largely upon the broad general claims of the prior Van Kannel patent No. 656,062. From a reading and consideration of the claims of patent No. 656,062, I am persuaded there is nothing in principle new in claim No. 3 of patent 836,843, not covered by the several correlated claims of patent No. 656,062. It follows, for like reason given in the above-cited cases, said claim must be held invalid.

It follows a decree must enter adjudging defendant guilty of infringing claims numbered 1, 2 and 8 of plaintiff's patent No. 656,062, and for an accounting, and injunctive relief restraining further infringement of plaintiff's rights secured by said claims. The relief prayed as to claims of patent No. 836,843 is denied.

It is so ordered.