ELLIOTT CO. v. ROTO CO. et al.

(Circuit Court of Appeals, Second Circuit. June 11, 1917.)

No. 271.

1. JUDGMENT ⬅675(1)—CONCLUSIVENESS ON PARTY PARTICIPATING IN DEFENSE.

A judgment for complainant, in a suit against a seller of a motor manufactured by defendant for infringement of a patent, was conclusive against defendant, where it conducted the defense of such suit, the nominal defendant taking no part in it whatever, though defendant concealed the fact that it was defending the suit, and did not know that complainant was aware thereof, since, while an estoppel, to be effective, must be mutual, this mutuality exists when the defense conducted by a third party is either open and avowed, or known to the opposite party.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 1190, 1194.]

2. JUDGMENT ⬅951(1)—CONCLUSIVENESS ON PARTY PARTICIPATING IN DEFENSE.

A complainant, relying upon the judgment in a prior patent infringement suit as an estoppel against defendant, must show that defendant actually conducted the defense in the prior suit.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. § 1809.]

3. JUDGMENT ⬅951(1)—CONCLUSIVENESS IN FAVOR OF PARTY PARTICIPATING IN DEFENSE.

A defendant, relying on a judgment in a prior suit for infringement of a patent as an estoppel in its favor, must show, not only that it conducted the defense in such suit, but that plaintiff knew it was conducting the defense.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. § 1809.]

Appeal from the District Court of the United States for the District of Connecticut.

Suit by the Elliott Company against the Roto Company and another. From a decree for complainant, defendants appeal. Affirmed.

Gifford & Bull, J. Edgar Bull, and Charles S. Jones, all of New York City, for appellants.

Bakewell & Byrnes, of Pittsburgh, Pa., and George E. Beers, of New Haven, Conn. (George H. Parmelee and Clarence P. Byrnes, both of Pittsburgh, Pa., of counsel), for appellee.

Before COXE, WARD, and HOUGH, Circuit Judges.

WARD, Circuit Judge. This is a suit against the Roto Company and Philip J. Darlington, its president, for infringement of United States letters patent No. 983,032, for turbines, and No. 1,045,134, for rotary motor, duly assigned to the complainant.

The sole question to be determined is whether the defendants are bound by a decree in favor of the complainant in a prior suit instituted by it on the same patents in the District Court of the United States for the Western District of Pennsylvania against one Robertson, a seller of the same motor manufactured by the defendant, the

Roto Company, as is complained of in this suit. It appears that the Roto Company did conduct and pay for the expenses of the defense in the prior suit; the actual defendant, Robertson, taking no part in it whatever, not even as a witness. The defendant Darlington was present at the taking of some of the depositions and for a part of the time at the trial. The complainant knew that the Roto Company was defending the case for Robertson, having been informed of this by him through one of its salesmen before the trial began. Judge Thomas held that the defendant was estopped, because of this decree in the prior suit, from contesting the validity of the patents in this suit.

[1-3] The defendant objects that its defense of the prior suit was not open and avowed, and that, because it did not know that the complainant was aware it was defending the case, there can be no estoppel for want of mutuality. In other words, it says that a decree in favor of the defendant in that case would not have been res adjudicata in a subsequent suit by the complainant against it. It is quite true that an estoppel, to be effective, must be mutual. The principle has been expressed in various cases by saying that a defense conducted by a third party "must be open and avowed," or "must be known to the opposite party." Either category in our opinion is sufficient. Cramer v. Singer Co., 93 Fed. 636, 35 C. C. A. 508; Hanks v. Dental Association, 122 Fed. 74, 58 C. C. A. 180; Penfield v. Potts, 126 Fed. 475, 61 C. C. A. 371; Jefferson Co. v. Westinghouse Co., 139 Fed. 385, 71 C. C. A. 481.

When the defense is not open or avowed, the estoppel becomes matter of proof. If the plaintiff relies upon it, he must show that the defendant actually did conduct the defense in the prior suit. If the defendant relies on it, he must show not only that he did conduct the defense, but that the plaintiff knew he did. In the present case the Roto Company did not directly avow that it was defending the suit against Robertson, nor authorize him to inform the Elliott Company of that fact. Its intention was to conceal what it was doing. All the same, it was defending the suit. Robertson did inform the Elliott Company of the fact, and the defendant Darlington, president of the Roto Company, did openly participate to some extent. We do not think it was necessary that the defendant should have known that the claimant was aware that it was defending the suit against Robertson to make the estoppel effective. If the decree had been in favor of Robertson, and the Roto Company could have proved that the complainant knew that it had defended that suit, which we have little doubt it could have done, then the decree would have been res adjudicata against the complainant in a subsequent suit.

Decree affirmed.