VAN KANNEL REVOLVING DOOR CO. v. LYON & HEALY.

(Circuit Court of Appeals, Seventh Circuit. August 23, 1917.)

No. 2442.

PATENTS ⬤➔328—VALIDITY AND INFRINGEMENT.

The Van Kannel patent, No. 656,062, for a revolving door, claims 1, 2 and 8, *held* valid and infringed.

Appeal from the District Court of the United States for the Eastern Division of the Northern District of Illinois.

Suit in equity by the Van Kannel Revolving Door Company against Lyon & Healy. Decree for defendant, and complainant appeals. Reversed.

This appeal involves the validity and alleged infringement of claims 1, 2, and 8 of patent 656,062 to Van Kannel, August 14, 1900, for improvements in revolving doors.

The scope of the invention is sufficiently stated in the following paragraph from the specification:

"My invention consists of certain improvements in that class of revolving doors which have a series of radiating wings rotating in a casing, the object of my present invention being to so construct the wings and casing of such a door that they will yield to the rush of a panic-stricken crowd, the end portions of the casing swinging outward and the wings of the door all being pushed to the front, so as to provide a wide and unobstructed passage on each side of the center of the door structure."

The claims here in question have to do with the foldable wings of the revolving door. They are:

"1. The combination, in a revolving door, of a structure having wings mounted so as to be revoluble around a central axis in fixed radial relation thereto, said wings having also independent hinges so disposed that all of the wings may be folded and lie side by side so as to project in one direction from the center.

"2. The combination, in a revolving door, of a structure mounted so as to rotate about a central axis, a series of wings mounted so as to swing inde-

pendently of their joint rotating movement about said axis, and self-releasing locking devices, whereby said wings are normally retained in fixed radial relation to said central axis."

"8. The combination, in a revolving door, of a center post, with radiating wings normally locked to said center post but mounted so that they will be automatically unlocked therefrom, and swung forwardly to project side by side when pressure is exerted upon them in other than a normal direction."

By the decree of the District Court appellant's bill for injunction and accounting was dismissed for want of equity.

Titian W. Johnson, of Washington, D. C., and Wm. O. Belt, of Chicago, Ill., for appellant.

James P. Helm, of Louisville, Ky., for appellee.

Before ALSCHULER and EVANS, Circuit Judges, and CARPENTER, District Judge.

ALSCHULER, Circuit Judge (after stating the facts as above). The two questions involved are validity and infringement.

As to validity we have carefully considered the various contentions of counsel in connection with the evidence bearing thereon, and, independently of the adjudications in other jurisdictions, we have reached the conclusion that the claims are valid. In view of the judicial literature upon this very question already extant, to be found in the various opinions, it would serve no purpose to present further discussion thereon. Suffice to say, we are in consonance with the views expressed by Judge Mayer of the New York District Court, whose opinion sustaining the validity of these claims is reported in 219 Fed. 741, 135 C. C. A. 439, Van Kannel Revolving Door Co. v. Revolving Door & Fixture Co., in connection with an affirming opinion of the Circuit Court of Appeals for the Second Circuit there reported.

The validity of claims 2 and 8 was again involved and upheld in Louisville Trust Co. v. Van Kannel Revolving Door Co., 231 Fed. 166, 145 C. C. A. 354 (6th C. C. A.); Van Kannel Revolving Door Co. v. Straus et al., 235 Fed. 135, 148 C. C. A. 629 (2d C. C. A.). And the validity of all three of the claims was again sustained in the District Court of Kansas in the case of Van Kannel Revolving Door Co. v. Uhrich & Uhrich, 247 Fed. 44, decided June 8, 1916.

Does appellee's structure infringe these claims? It is a revolving door comprising a series of wings mounted to radiate about a central axis in fixed relation to it. To this extent it responds to elements in each of the three claims.

Claim 1 sets forth, as a further element, independent hinges on the wings, so disposed that the wings may all be folded to lie side by side projecting in one direction from the center. In the structure which the specification shows, this is of the piano hinge variety, a hinge extending the entire length of the wing. The wings of appellee's structure are also so mounted that they may all be folded side by side to project in one direction from the center. The folding is not accomplished by means of the piano hinges which the patent structure shows, but by contrivances of a very different sort. Suitably grooved plates are placed in the ceiling and floor, and into these extend, from the wings, studs which operate as the pintles of the ordinary hinge. When the wings are being folded together they revolve on these studs, which at the same

time move in the grooves of the plates in such manner that all the wings will side by side project in the same direction from the center. This plate and stud device is ingenious, and possibly of distinctive merit, but, after all, it constitutes in fact a hinge, which movably joins the wing to the center post, and by means of which the wings are made to project side by side in the same direction as set forth in this claim. The claim does not specify a piano hinge or any other of many varieties of hinges, known or unknown. Appellee's is but another form of hinge serving the same purpose as the hinge of this claim, and together with the other elements referred to the structure shows the entire combination of that claim.

Respecting the other claims, the main contention is that appellee's structure does not embody that element in claim 2 there described as "self-releasing locking devices whereby said wings are normally retained in fixed radial relation to said central axis," and in claim 8 as "radiating wings normally locked to a center post but mounted so they will be automatically unlocked therefrom and swing forwardly to project side by side when pressure is exerted upon them in other than a normal direction."

The structure which Van Kannel describes shows a series of spring bolts holding the wings in their normal relation to the central axis, but so constructed and connected that in cases of panic and inrush of people into the door openings, whereby there is abnormal pressure against the wings, the bolts will through such pressure on the wings be released, and the wings thus unlocked, and by the pressure forced outwardly side by side, leaving the passageway free upon both sides.

In appellee's door the same thing occurs, save only that the unlocking device is operated for releasing and unlocking, not by pressure of the body immediately against any part of the wing itself as in Van Kannel, but by pressure against the hand rail which is attached to and extends across the wing, and, as the evidence shows, is attached to the wings in all revolving doors, serving the purpose of protecting the glass in the wings, through being so placed that persons passing through would normally push against the rail in order to revolve the door.

Appellee contends that, because the abnormal pressure necessary to unlock the wings of its door must be applied to the hand rail, this is not the automatic releasing and unlocking as contemplated in these claims whereby the releasing and unlocking pressure may be applied to any part of the wing. Evidently to emphasize the idea that appellee's door wings are manually and not automatically unlocked, there is a plate near each handrail bearing the words, "In case of panic push here," as though in such case there was any reasonable likelihood that a panic-stricken crowd would read or give heed to such a notice. It is manifest that the utility of the unlocking device lies in the facility of its action in case of a panic, and that, if its operation depended in any degree upon the reading and following of directions for the manual operation of the safety device, disaster which would otherwise ensue, would in but few instances be averted. It seems plain to us that the reliance for the operation of the device in time of need is not in the directions appearing upon the plate, but in the fact that in such time of

panic persons crowding against the wings must inevitably press against the handrails and thereby release or unlock the fastening element, permitting the wings to fold outward side by side and leaving open the passageways. Claims 2 and 8 do not specify upon what part of the wing the abnormal pressure shall be applied to effect automatically the release or unlocking of the wings. It may be upon the handrail as well as upon the glass or frame of the wings. This operation of appellee's doors is "automatic" or "self-releasing" in the sense that the language and intent of these claims import. We thus find that appellee's door embodies also the essential elements of the combination stated in claims 2 and 8.

It is stated in appellant's brief, and not denied by appellee, that in the above-cited case which was decided in the District Court of Kansas the alleged infringing device is identical with the one here in issue. The record does not show this, but it seems the defendants there were the same persons who constructed appellee's doors.

Concluding as we do that claims 1, 2, and 8 are valid and have been infringed by appellee, the decree of the District Court must be reversed, with direction to enter a decree finding those claims valid and infringed by appellee, and directing an accounting. The patent having recently expired, no injunction will issue. Appellant is awarded costs.