VAN KANNEL REVOLVING DOOR CO. v. WINTON HOTEL CO.

(District Court, N. D. Ohio, E. D.    March 8, 1920.)

No. 452.

1. PATENTS ⟨©⟩328—FOR REVOLVING DOOR ANTICIPATED BY EARLIER PATENT TO SAME INVENTOR.

Claims 1, 2, 3, 13, 22, 23, and 24 of the Van Kannel reissue patent No. 14,255 for an automatically collapsible revolving door *held* invalid, as anticipated by patent No. 656,062, issued to the same inventor and now expired.

2. PATENTS ⟨©⟩120—PIONEER PATENTEE CANNOT PROLONG MONOPOLY BY PATENTING ONE FEATURE OF THE DEVICE.

Where an inventor of an automatically collapsible revolving door was granted a pioneer patent, and insisted upon and obtained a *construction*

⟨©⟩For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

so broad that any form of double-acting hinge or of a releasing device was an infringement, he could not prolong his patent monopoly by subsequently obtaining a patent for some one form of double-acting hinge or self-releasing or collapsible device.

3. PATENTS ☞131—CONSTRUCTION INFRINGING PATENT MAY BE MADE AND SOLD AFTER EXPIRATION OF PATENT.

A construction, which was anticipated by a patent and condemned as an infringement of it, may be freely made and sold after such patent has expired.

4. JUDGMENT ☞626, 675(2)—PATENTS ☞290—PARTY CONDUCTING DEFENSE IS BOUND BY AND ENTITLED TO BENEFIT OF JUDGMENT, BUT NOT REQUIRED TO BECOME PARTY.

A corporation, employing counsel appearing for defendant in a patent infringement suit, and conducting the defense at its own cost and expense, is a privy to any judgment rendered, and bound thereby, but was not required to become a party to the record.

In Equity. Suit by the Van Kannel Revolving Door Company against the Winton Hotel Company. Bill dismissed.

Titian W. Johnson, of Washington, D. C., and Hull, Smith, Brock & West, of Cleveland, Ohio, for plaintiff.

Calfee & Fogg, of Cleveland, Ohio, Trabue, Doolan, Helm & Helm, of Louisville, Ky., and Christopher & Robblee, of Cleveland, Ohio, for defendant.

WESTENHAVER, District Judge. Plaintiff's bill is based upon reissue patent No. 14,255, reissued February 6, 1917, being a reissue of original United States letters patent No. 836,843, issued to T. Van Kannel November 27, 1906. The invention claimed therein relates to an automatically collapsible revolving door, such as is commonly used at the street entrance to public buildings. The defendant has purchased, installed, and is using a collapsible revolving door manufactured and sold by the Atchison Revolving Door Company, which has assumed and undertaken the burden and expense of defending this suit. The defenses are (a) that the claims in issue of this reissue patent are void for lack of novelty and lack of invention; (b) that it is void because no inadvertence, accident, or mistake is shown whereby the original patent is inoperative or invalid; and, even if so, the reissue was not applied for with due diligence; and (c) that, if valid at all, these claims must, in view of the prior art, as declared by numerous decisions, be so limited that defendant's door does not infringe.

[1] The claims in issue of this reissue patent are Nos. 1, 2, 3, 13, 22, 23, and 24. Of these the first four are rewritten and rephrased claims of the original patent, and the remaining three are new or added claims. Claims 1, 2, 3, and 22 cover in various forms, as the predominating element, a flexible tie connecting together and holding in position the radial wings of the door, automatically releasable, whereby, upon the release of any one, all the wings will fold or collapse. Claims 3 and 23 cover in various forms as a predominating element a hanger disc or plate, with grooves therein located in the spindle or center post, serving as hinges for the radial wings, whereby a

series of wings may be collapsed to a folded position. Claim 24 embodies both elements of hanger plates with grooves and flexible ties. Upon the issue of invalidity for lack of novelty and lack of invention defendant contends that all these claims are in substance and legal effect the same as claims 1, 2, 3, 13, and 14 of original patent No. 836,843, all of which have, in one case or another, been held to be invalid. The differences, if any, between the reissue and the original claims can be most conveniently stated after a brief review of this prior litigation and of the results reached therein.

The inventor, Van Kannel, was in 1888 granted a patent, being No. 387,571, for a revolving door, having a series of radiating wings, rotating in a casing. It did not have any automatic or collapsible features, although the desirability of providing for the egress of an excited or panic-stricken crowd was foreseen and disclosed therein. On August 14, 1900, he was granted patent No. 656,062 for an automatically collapsible revolving door, designed to provide for rapid exit by automatic collapse in the event of panic or other necessity therefor. Later, on November 27, 1906, he was granted an additional patent for an automatically collapsible revolving door, being No. 836,-843, of which the one now involved is a reissue. The 1900 and the 1906 patents have been extensively litigated, and defendant contends that all questions touching the validity of the claims now in dispute of the reissued patent have been fully considered and adjudged adversely to plaintiff's present contentions. These decisions are as follows: Van Kannel v. Revolving Door & Fixture Co. (2 C. C. A.) 219 Fed. 741, 135 C. C. A. 439; Louisville Trust Co. v. Van Kannel (6 C. C. A.) 231 Fed. 166, 145 C. C. A. 354; Van Kannel Revolving Door Co. v. Nathan Straus (2 C. C. A.) 235 Fed. 135, 148 C. C. A. 629; Van Kannel Revolving Door Co. v. Lyon & Healy (7 C. C. A.) 247 Fed. 329, 159 C. C. A. 423; Van Kannel Revolving Door Co. v. Uhrich, decision and opinion by Pollock, District Judge, 247 Fed. 344.

The nature and elements of plaintiff's invention and of the state of the art respecting revolving doors are so fully stated and described in these several decisions that it is unnecessary to go over the same ground. The conclusions reached in these cases are in accord; indeed, there is an unusual uniformity, not only in the result, but in the reasoning by which the results have been reached. Briefly, my understanding of these decisions is that the Van Kannel 1900 patent, No. 656,062, was held to be the pioneer patent for an automatically collapsible or panic-proof revolving door, and that the inventor was entitled to a wide range of mechanical equivalents, and his patent claims to a reasonably broad construction. More specifically, as regards devices for hinging the radial wings to the spindle or center posts, and devices for connecting or tying the radial wings in an automatically detachable manner, it was held that any device which would produce substantially the same result was an infringement. Accordingly the 1900 patent was in all these cases uniformly sustained, and its claims protected against infringement, as against any construction having any form of hinge or tying device which permitted these results to be realized. On the other hand, and in view of this broad construc-

tion, the more specific and detailed combinations embodied in the litigated claims of the 1906 patent, No. 836,843, were held to be invalid for lack of invention, as double patenting to the same inventor. Nor do I understand that this invalidity resulted from the particular phraseology used in the later patent in describing the connecting device.

Thus, in Van Kannel Revolving Door v. Revolving Door & Fixture Co., 219 Fed. 741, 135 C. C. A. 439, Mayer, District Judge, had sustained the validity of claims 1, 2, 3, and 8 of the earlier patent, and of claims 13 and 14 of the later patent, and had held that claims 1 and 2 of the later patent were invalid. This holding as to claims 1 and 2 of the later patent is based upon the disclosures of the earlier patent, but as to claims 13 and 14 he held that they stated a combination of elements from which "we have apparently, a new structure in commerce, a new result for operative panic-proof doors, and all described with words of limitation sufficiently definite and limited to save the combination from all the prior art." The Circuit Court of Appeals, Second Circuit, sustained this decision, except so far as it found claims 13 and 14 to be valid, and reversed as to these, holding that they also were anticipated by the disclosures of the earlier patent. Judge Mayer had stressed particularly this feature of the flexible tie, and the great merit thereof in permitting all the doors to collapse upon the release of any one fastening, and the easy restoration of all the wings to their normal position; but Circuit Judge Lacombe, who delivered the opinion, said as to these claims that they were merely an attempt to extend the monopoly of the earlier patent by changing the names of the various elements or the location of the folding device, or by merely combining old elements which would be evident to an ordinary mechanic. The construction held to infringe was not defendant's present construction, but the tying devices for holding together the wings, it was held, did not avoid infringement, even though they were made of such fragile construction as to be breakable rather than automatically releasable.

In Louisville Trust Co. v. Van Kannel Revolving Door Co., 231 Fed. 166, 145 C. C. A. 354, the decision of the lower court, which held claims 1, 2, and 13 of the 1906 patent valid and infringed, was reversed by the Sixth Circuit Court of Appeals. As to claims 13, this reversal was on the ground that the device for connecting the radial wings together was a bar, instead of a cord or strap or other flexible device, and it was not, therefore, the flexible tie which was supposed to give novelty and patentability to this claim. I do not understand Judge Knappen's opinion as expressing any dissent from the decision of the Second Circuit Court of Appeals, nor any intimation that the claim would be upheld, if it were so narrowed as to be limited to a flexible tying device, but merely that, inasmuch as infringement was not shown, no expression of opinion in that respect was called for. The reasoning of the opinion seems to me to lead to the conclusion that claim 13 was anticipated by the 1900 patent, as claims 1 and 2 were held to be anticipated.

In Van Kannel Revolving Door Co. v. Straus, 235 Fed. 135, 148 C. C. A. 629, the claims of the 1906 patent were not put in issue, but only those of the 1900 patent. These claims were not only sustained, but were given a construction so broad that the phrases "automatically unlocked" and "self-releasing locking devices," used therein, should cover any device which has been deliberately planned, whether by mechanical adjustment or by the proper proportioning of the parts, to effect the release of the wings at the proper moment without the interposition of any human agency, and that the phrases used therein of "a series of wings mounted so as to swing independently" and "swing forwardly to project side by side" should cover any mounting device which substantially accomplishes that purpose, even though all of the wings are not so mounted. It was accordingly held that a construction embodying a series of wings, three only of which were mounted to swing independently of their joint rotating movement, and in which the so-called "self-releasing locking device" consisted of chains constructed so weakly as to break under the normal pressure of a panic-stricken crowd, was an infringement.

However, in Van Kannel Revolving Door Co. v. Lyon & Healy, 247 Fed. 329, 159 C. C. A. 423, and in Van Kannel Revolving Door Co. v. Uhrich (D. C.) 247 Fed. 344, the construction held to infringe the 1900 patent was precisely the same as that involved in this case. It had the same form of hinge, called by defendant a "trammel hinge," and the same flexible automatically releasing tie for holding the adjacent faces of the wings together. In the first case the District Court had held claims 1, 2, and 8 of patent 656,062 and claim 3 of patent 836,843 invalid. The appeal as to claim 3 of the latter patent seems either to have been dismissed, or the assignment of error with respect thereto not insisted upon, so that no discussion of it is found in the opinion of the Seventh Circuit Court of Appeals, but claims 1, 2, and 8 of the earlier patent were sustained and given the same broad construction as had been previously given thereto by the earlier decisions already reviewed. Defendant's plate, called a "trammel hinge," was held to be a mechanical equivalent of the hinge or wings whereby in the 1900 patent the radial wings were folded together, and the tie or device for connecting the adjacent wings and permitting all to fold upon the release of any one was held to be a mechanical equivalent of the self-releasing locking device called for by the 1900 patent. Judge Pollock's holding in the other case is precisely the same as to the 1900 patent, and as to claim 3 his holding is that it also was invalid in view of the disclosures of the earlier patent.

Thus it appears that the earlier or 1900 patent has been uniformly upheld, and that no claim ever put in issue of the later or 1906 patent has been upheld, but, on the contrary, has been uniformly held to be invalid. The plaintiff has thus obtained from numerous courts a construction of the 1900 patent that is infringed by any form of double-acting hinges applied to all or any part of the wings, and by any form of self-releasing devices, wherever located and of whatever construction. In other words, the 1900 patent has been held to be a pioneer patent entitled to a broad construction, and to a wide range of mechanical

equivalents, and is infringed by any form of automatically collapsible panic-proof doors containing any form of double-acting hinge, or any form of device designed to release the wings automatically, whether by breaking or otherwise. The consequence of these holdings has been that the later or 1906 patent has been held to be invalid for the same reasons that other constructions have been held to be infringements. Certainly it is now too late for any District Court to do more than accept fully and apply consistently these several decisions.

The claims now in issue of the reissue patent must be held invalid, unless there is a new patentable element embodied therein, not anticipated in the litigated claims of the 1900 or the 1906 patents. The differences between the claims of the reissue patent and of these earlier patents can be clearly shown only by examining them side by side. It would expand this opinion unduly to quote these claims in parallel columns and point out in detail the points of resemblances and differences. This, however, I have done with care, and as a result am convinced that the changes are in phraseology only, and not in substance. The claims have been merely rewritten and rephrased as respects claims 1, 2, 13, and 23 therein, with a more specific description of the connecting device, so as to limit it to a flexible tie, and to this extent only may these claims be said to be narrowed. As to claims 3, 23, and 24 a hanger plate is substituted for a hanger disc of the earlier claims, and this defendant contends, not without reason, is broadening intentionally these claims, so as to cover its trammel hinge, already held to be an infringement of the 1900 patent; but, as already said, an examination side by side forces the conclusion that these claims have been merely rewritten and rephrased, with the view and in the hope of escaping the adverse decisions of numerous federal courts. No new or patentable combination is disclosed thereby, which would not be an infringement of the earlier or 1900 patent.

[2, 3] Certainly, under the construction already given the 1900 patent, a revolving door, constructed in accordance therewith, would be condemned as an infringement. An inventor who has been granted a pioneer patent, and who has insisted upon and obtained a construction therefor so broad that any form of double-acting hinge or of a releasing device is an infringement, cannot prolong his patent monopoly by subsequently obtaining a patent for some one form of double-acting hinge or self-releasing or collapsible device. Plaintiff's contention merely comes to this: Defendant's present construction has been held to be an infringement of the 1900 patent, because its hinging and its releasing devices are equivalents of the hinging and releasing devices of that patent. It would be an absurd distortion of the patent law now to hold that a construction which was anticipated by a patent, and condemned as an infringement of it, may not be freely made and sold after that patent had expired. This, it seems to me, is what plaintiff is seeking to accomplish.

This conclusion renders unnecessary an examination of the second defense relied on, namely, that no inadvertence, accident, or mistake is shown in the original patent as a basis for the reissue, and that, even if it were, due diligence was not exercised in applying for the

reissue. The validity of the 1906 patent was at an issue many years before the reissue was applied for, it was held invalid by the Second Circuit Court of Appeals December 15, 1914, and its validity was insisted upon thereafter in this circuit, resulting in an adverse decision March 17, 1916. The application for a reissue, it is urged, was induced by these failures, and not as a result of any inadvertence, accident, or mistake. It would be difficult, it seems to me, either on the facts or in principle, to distinguish this case from Milloy Electric Co. v. Thompson-Houston Electric Co. (6 C. C. A.) 148 Fed. 843, 78 C. C. A. 533; but I deem it unnecessary to consider or express an opinion thereon. Likewise it becomes unnecessary to consider or express an opinion as to whether or not, even if any claims of the reissue patent should be held valid, they must be given a construction so narrow as not to include present form of hinging and releasing devices.

[4] Plaintiff, after this cause was heard and submitted for decision, filed a motion to make the Atchison Revolving Door Company a defendant. This motion is based upon admissions made at the hearing that this company had employed the counsel appearing for defendant, and was conducting the defense at its own cost and expense. Undoubtedly, upon these admissions, the Atchison Revolving Door Company is privy to any judgment as may be rendered herein, and is bound thereby. See Elliott Co. v. Roto Co. (2 C. C. A.) 242 Fed. 941, 155 C. C. A. 529; David Bradley Mfg. Co. v. Eagle Manufacturing Co. (7 C. C. A.) 57 Fed. 980, 6 C. C. A. 661. But I do not understand that one thus assuming the burden of a defense is required to become a party to the record, especially as, under the law, no such action is necessary to make the decree binding upon him.

This motion will be denied. Plaintiff's bill will be dismissed, at its costs.