**SLAYTER & CO. v. UNITED STATES INSULATION CORPORATION (BALDWIN–HILL CO. et al., Interveners).**

Motion No. ——.

Circuit Court of Appeals, Second Circuit.

Jan. 28, 1938.

Norton & Simmons, of New York City, for interveners-appellants.

Gifford, Scull & Burgess, of New York City, for plaintiff-appellee.

Before MANTON, SWAN, and AUGUSTUS N. HAND, Circuit Judges.

PER CURIAM.

Appellant agreed with one Steele, acting for a group of manufacturers of rock wool which could be used to practice the patented process of Reissue Patent No. 19,929, to pay the expenses of defending this suit to its final determination. This was unknown to appellee until after this appeal was taken. It was found below that the appellant infringed the process claim in suit and an interlocutory decree was granted. On the last day to do so, an appeal was filed, without the knowledge or consent of the appellant, by the attorney who had represented it in the court below. He appealed on instructions from Steele. After the appeal was taken, two of the group of manufacturers moved for leave to intervene, which was granted.

Appellant and appellee have negotiated and concluded a settlement of this suit. The interveners, Baldwin-Hill Company and Campbell Rock Wool Company, after intervention, seek to prosecute this appeal. Knowledge that the interveners were defending this suit was not made known to the appellee or the court. It is clear that a decree entered would not be res adjudicata

against the interveners. Elliott Co. v. Roto Co., 2 Cir., 242 F. 941; Lathrop v. Rice & Adams Corp., D.C., 21 F.2d 124, affirmed 2 Cir., 24 F.2d 1021; Foote v. Parsons Non-Skid Co., 6 Cir., 196 F. 951. The interveners are in the position of one who has sold an old article of commerce to one who has thereafter treated it in such a way that it can be used in carrying out a patented process. They are in no closer relation to the litigation. Such interest is too remote to entitle them to carry on this litigation against the wishes of the appellant and appellee, who have settled. Consolidated Gas Co. of New York v. Newton, D.C., 256 F. 238; Equity Rule 37, 28 U.S.C.A. following section 723.

Because they did not apply to intervene and control the suit promptly and give notice to appellee or the court as to their interest, they may not continue this appeal against appellant's objection. Foote v. Parsons Non-Skid Co., supra; Elliott Co. v. Roto, supra.

The order of intervention is vacated and the appeal dismissed as moot.

Appeal dismissed.