## THOMAS HUSTON ELECTRIC CO. *v.* SPERRY ELECTRIC CO.

*(Circuit Court, N. D. Illinois.* November 10, 1890.)

PATENTS FOR INVENTION — INFRINGEMENT — PETITION TO BE ADMITTED AS PARTY DE FENDANT.

In a suit for the infringement of letters patent, the petition of a third party to be permitted to defend, which alleges that petitioner makes and sells certain machines which he is informed and believes complainant claims to be an infringement of the patent sued on, and that if successful in that case complainant intends to sue the petitioner for infringement, and that petitioner is advised and believes that there is no infringement, but which fails to aver that petitioner's machines are identical with those made by defendant, or to show any privity with the latter, would, if granted, have the effect of rendering the proceeding multifarious by including in one action different infringements of one patent by different persons and different machines, and must be denied.

In Equity.

*George P. Barton* and *Banning, Banning & Payson,* for petitioner.
*Offield, Towle & Linthicum,* for complainant.

BLODGETT, J.    The Western Electric Company files a petition in this case setting forth that petitioner is an Illinois corporation engaged in the business of manufacturing electric lamps and general electric apparatus in the city of Chicago, and has a large business and a large amount of money invested in the same; that, in due course of its business, petitioner makes and sells electric machines with "current regulators," which, as he is informed and believes, complainant claims are an infringement of its patent, No. 238,315, on which this suit is brought, and that petitioner is informed that, if successful in this case, complainant intends to sue petitioner on the use of machines made by petitioner, on the ground that such machines are also an infringement of said patent; that petitioner has been advised and believes that the machines which it makes and sells are not an infringement of complainant's said patent.    Wherefore petitioner prays that it be made a party defendant to this cause, and let in to defend the same, to which prayer complainant objects.    It will be noticed that petitioner does not state or claim that the machines which it makes are identical in structure or mode of operation with the machines made by defendant, nor is any fact stated showing that petitioner is in privity in any way with the defendant.    The most that can be inferred from the matters stated in the petition is that petitioner has a common interest with defendant in defeating this suit, because if successful in this suit complainant may sue the petitioner.    It may be accepted as one of the obvious rules of the law that a party who is wronged by an invasion of his rights is not bound to bring suit for redress of such wrong unless he elects to do so, and, if he brings such suit, he is not obliged to sue all the wrong-doers.    Where the invasion of his rights has been perpetrated by more than one person, he may elect which of them he will sue.    *Smith* v. *Rines,* 2 Sum. 338; 2 Hill. Torts, 242.

But to the direct point involved in this petition.    Certainly a person whom the complainant has not elected to sue cannot intrude himself into

a suit brought against another, unless complainant could have sued him as one of the original tort-feasors. By the showing of this petition, if complainant had joined the petitioner as one of the defendants in this case, he would thereby have made his bill bad for multifariousness, because it would have attempted to include in one action different infringements of his patent by different persons and different machines. Story, Eq. Pl. § 271 *et seq.* If petitioner should be made a defendant in this case contrary to the expressed wish of the complainant, it would largely increase the costs of the suit for the complainant, as it would expand the scope of the case beyond the infringement alleged against the defendant, into an inquiry as to whether petitioner's machine infringes the complainant's patent; and, if both machines should be found to infringe, it would involve a separate inquiry as to the damages for which each of the defendants was particularly liable, as there would be no pretext that the infringement was the joint act of the two defendants,—thus giving a range and scope of inquiry which the complainant did not intend or seek. The result of the suit might be practically two separate decrees for damages, and two separate injunctions, and two separate executions for the collection of the damages awarded complainant. While the court may in this suit construe the complainant's patent, and such construction may be adhered to in subsequent suits against other persons, that would not determine against petitioner the fact of infringement, which would be, after all, the main question in the subsequent suit, if one should be brought against the present petitioner. To let petitioner into this case would, in effect, be to hold that the complainant must join in the same suit all persons who have infringed this patent, whether acting together or not; thus throwing defendants into relations they had never assumed towards each other, as well as compelling complainant to give to his suit a range of inquiry and judgment far beyond what he intended or wished. The case made by this petition differs widely from a case where a landlord is allowed to come in and defend a suit in ejectment against his tenant, and a case where a manufacturer of a machine is allowed to come in, and defend a suit brought against his agent or customer, on the ground that such machine infringes a patent held by plaintiff or complainant. In such cases the landlord or manufacturer is in direct privity with the person sued, and has a direct interest in the event of the suit, while here the petitioner has only an interest in one of the questions involved in the suit, but has no interest in the event, as the decree cannot conclude him, and only affects him remotely or argumentatively. It was stated on argument that the judge of the district court of Minnesota allowed a party to come in as defendant in a suit in that district upon grounds similar to those stated in this petition. No one certainly has a higher regard for the learning and uniform accuracy of that learned judge than myself, but, as no opinion has ever been published in that case, I must assume that the order was made by reason of some special features shown in that case which do not appear in this. The motion to make petitioner a party is overruled, and the petition dismissed.