## JEFFERSON ELECTRIC LIGHT, HEAT & POWER CO. v. WESTINGHOUSE ELECTRIC & MFG. CO.

### (Circuit Court of Appeals, Third Circuit.    June 9, 1905.)

### No. 36.

JUDGMENT—PATENTS—SUIT FOR INFRINGEMENT—RES JUDICATA.

In order that a decree adjudging the invalidity of a patent shall render that question res judicata as between the complainant and one not a party to the record, but who in fact conducted the defense at his own expense, he must have done so openly so that he would have been bound by the decree if it had sustained the patent.

[Ed. Note.—For cases in point, see vol. 30, Cent. Dig. Judgment, §§ 1190–1193.]

Appeal from the Circuit Court of the United States for the Western District of Pennsylvania.

For opinion below, see 135 Fed. 365.

Arthur S. Keithley, for appellant.

Thomas W. Bakewell and George H. Christy, for appellee.

Before ACHESON, DALLAS, and GRAY, Circuit Judges.

ACHESON, Circuit Judge.    This case was heretofore before this court on an appeal by the defendant below (the present appellant) from an order granting a preliminary injunction.    That order we reversed because of the pendency of a plea of res adjudicata based upon a decree of the United States Circuit Court of Appeals of the Second Circuit in a suit brought by the complainant here against the Catskill Illuminating & Power Company (121 Fed. 831, 58 C. C. A. 167), adjudging each of the patents in suit to have been anticipated, and the incomplete and conflicting character of the preliminary proofs upon which the court granted the injunction (134 Fed. 392).    In the opinion then delivered we said:

"The case, it is probable, will ultimately turn upon this defense of res adjudicata.    The preliminary proofs relating thereto are very conflicting.    The defendant is a mere user of these meters.    No irreparable injury, or, indeed, any special injury to the complainant from the defendant's use of the meters is alleged or shown.    Under the circumstances, then, we think that the court should have forborne to act until full proofs were before it.    Without intending to intimate any opinion upon the merits of the case, we will reverse the order granting a preliminary injunction."

Thereafter the proofs under the plea of res adjudicata were completed, and the cause proceeded to hearing upon the plea and a renewed motion for a preliminary injunction, resulting in a decree

overruling the plea and granting an injunction. From that decree the defendant appealed. The case has been argued before us entirely upon the defense raised by the plea, and the only question we are called on to discuss is whether the plea was sustained by the proofs. The plea avers that the issues in the Catskill case (mentioned above) and in this case are the same, and that the parties are the same, inasmuch as said Catskill case was, and this case is, defended by the Diamond Meter Company, which manufactured the alleged infringing devices in that case as well as in this, and that the complainant knew that the Diamond Meter Company was defending the Catskill case, and that the decree therein is res adjudicata of everything involved in this case.

Upon an attentive examination of the proofs we have reached the conclusion that the learned judge below was right in overruling the plea. Certain it is that the Diamond Meter Company did not avowedly or openly conduct the defense in the Catskill case. No doubt (as now appears) that company did carry on the defense at its own expense, but this was done with such secrecy as not to expose its connection with the litigation. The allegation that complainant knew that the Diamond Meter Company was participating in the defense of the Catskill case is not sustained by the proofs. The counsel for the complainant, indeed, had reason to suspect that the Diamond Meter Company was conducting the defense in the Catskill suit, but we think the evidence fails to bring home to them any certain information on the subject. The proofs as a whole satisfy us that the purpose of the Diamond Meter Company was to maintain such an attitude with reference to the Catskill suit that it might have the indirect benefit of the decree if favorable to the defendant therein, and yet not be concluded should the decree be adverse to the defendant. But if the Diamond Meter Company desired that the decree in the Catskill suit should operate as an estoppel in its favor, it was bound by avowal or open action to place itself in such an unequivocal position that the decree would be mutually binding as res adjudicata upon itself and upon the complainant. Litchfield v. Goodnow's Adm'r, 123 U. S. 549, 8 Sup. Ct. 210, 31 L. Ed. 199; Andrews v. National Foundry & Pipe Works, 76 Fed. 166, 22 C. C. A. 110, 36 L. R. A. 139; Cramer v. Singer Mfg. Co., 93 Fed. 636, 35 C. C. A. 508; Lane v. Welds, 99 Fed. 286, 39 C. C. A. 528. Having concealed its connection with the Catskill suit while it was pending, it is too late now for the Diamond Meter Company to set up the final decree in that case as an estoppel against the complainant.

The record in the Peoria case has no determining effect. The bill there was filed against the Diamond Meter Company by the complainant after the decision in its favor by the Circuit Court in the Catskill case, and the bill did allege that the Diamond Meter Company defended that suit, and that all questions passed upon in that suit were res adjudicata as between the complainant and the Diamond Meter Company. But this the Diamond Meter Company in and by its answer denied. Thus the averment in the bill was fully met by a denial in the answer and the question was left open.

Upon consideration of the whole evidence we concur in the conclusion reached by the court below, and accordingly the decree overruling the plea and granting a preliminary injunction is affirmed.