FOOTE v. PARSONS NON-SKID CO., Limited, et al.

(Circuit Court of Appeals, Sixth Circuit. June 4, 1912.)

No. 2,301.

1. PATENTS (§ 290*)—SUIT FOR INFRINGEMENT—PARTIES—INTERVENTION.

Where a dealer is sued for infringement in handling a given article, the right of the manufacturer of that article to intervene and defend, to the extent of exercising any control over the defense to the action, is not an absolute right, but the intervention may be permitted or refused in the discretion of the court upon the facts appearing, and in no event will the defendant dealer be compelled to give up his control of the case and his right to make a settlement of his own liability.

[Ed. Note.—For other cases, see Patents, Cent. Dig. §§ 470–472; Dec. Dig. § 290.*]

2. PATENTS (§ 290*)—SUIT FOR INFRINGEMENT—PARTIES—INTERVENTION.

If it is known to the complainant in a suit against a dealer for infringement that the manufacturer is participating in the defense, he becomes privy to the suit and is bound by or may take advantage of the decree; but, if such participation is not known to the complainant, the decree binds neither. So long as the complainant has no such knowl-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

edge or notice, he is free to settle with the defendant on terms satisfactory to both, and, after such a settlement has been made, the manufacturer will not be granted leave to intervene.

[Ed. Note.—For other cases, see Patents, Cent. Dig. §§ 470–472; Dec. Dig. § 290.*]

3. APPEAL AND ERROR (§ 449*)—EFFECT OF APPEAL FROM INTERLOCUTORY ORDER.

Under the provisions of Judicial Code (Act March 3, 1911, c. 231, 36 Stat. 1134 [U. S. Comp. St. Supp. 1911, p. 194]) § 129, an appeal from an interlocutory order does not remove the cause, which remains generally in the District Court and subject to its control.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 2209; Dec. Dig. § 449.*]

Appeal from the District Court of the United States for the Eastern Division of the Northern District of Ohio.

Suit in equity by the Parsons Non-Skid Company, Limited, the Weed Chain Tire Grip Company, and Harry D. Weed, against Dorsey E. Foote. From an order continuing and refusing to dissolve a preliminary injunction, defendant appeals. On petition to intervene and motion to dismiss appeal. Petition denied, and motion granted.

The questions herein arise in the course of an appeal from an order continuing and refusing to dissolve a preliminary injunction which had been granted to the Parsons Company against Foote, to prevent the infringement of patent No. 723,299, issued March 24, 1903, to Parsons, for an invention relating to "armour for pneumatic tires." Foote, the defendant, was a dealer, selling at retail various automobile accessories, and among them three styles of non-skidding devices, made, one by the Perry Company, one by the Atlas Company and one by the Cleveland Company. The affidavits in support of the motion for preliminary injunction relied wholly upon Foote's sales of the Perry and Cleveland devices. Foote was the sole defendant named, and defense to the motion for injunction and prosecution of the motion to dissolve were made in his name. The Perry Company and the Atlas Company contributed to paying the expenses of the defense, but complainant had no knowledge or notice of such participation, before making with Foote its agreement hereinafter mentioned. During the progress of the matter in the Circuit Court, neither the Perry Company nor the Atlas Company made any application to intervene. After the preliminary injunction was continued, the appeal to this court was taken solely in the name of Foote. Thereafter, and after the appeal was perfected, complainant and Foote entered into a settlement and signed a written stipulation entitled in the court below that a final decree for injunction, but without costs or damages, might be entered for complainants, and another stipulation entitled in this court that the appeal might be dismissed. This agreement and these stipulations were made without the knowledge of the attorney who was appearing in both courts, nominally for Foote, but who really looked to the Atlas and Perry Companies as his principals.

Upon filing such stipulation in this court, the Parsons Company entered a motion to dismiss the appeal. The attorney who was of record for Foote filed in the name of the Atlas Company and the Perry Company, in this court, their petition to intervene in this court in the matter of the appeal, and to conduct the appeal in its further regular progress. The facts, as above recited, appear by the record itself and the affidavits filed, and we are now to dispose of the motion to dismiss the appeal and of the petition to intervene.

Obed C. Billman, of Cleveland, Ohio, for appellant.

Duncan & Duncan, of New York City, and J. B. Fay, of Cleveland, Ohio, for appellees.

Before WARRINGTON, KNAPPEN, and DENISON, Circuit Judges.

PER CURIAM. [1] Where a dealer is sued for infringement in handling a given article, the right of the manufacturer of that article to intervene and defend, to the extent of exercising any control over the defense to the action, is not an absolute right. Such intervention is sometimes permitted and sometimes refused, according to the discretion of the court upon the facts appearing. The act of sale by the dealer is a tort independent from the manufacture, and the patentee is under no compulsion to sue the manufacturer; he may select the defendant, and he has an absolute right to sue the dealer alone, if he wishes to do so; he may not intend nor desire to submit to the court of the district of the dealer's residence all questions which may exist between patentee and infringing manufacturer. To compel the substitution, as defendant, of a party whom complainant has not sued and may not wish to sue, is something of an anomaly upon the theories of practice which are involved (Judge, now Mr. Justice, Lurton, in Toler v. East Tenn. R. R. [C. C.] 67 Fed. 168, 170); but yet it is sometimes permitted, if thought essential to simplify and completely administer justice under the facts of a particular case. Where so permitted, it is as matter of favor and not of right. (Ring, etc., Co. v. St. Louis, etc., Co. (C. C.) 67 Fed. 535, 540. In any event, the defendant dealer would not be compelled to give up his control of the case and his right to make a satisfactory settlement and escape personal liability for further costs or for damages at any time he might desire, unless he was indemnified not only sufficiently but to his satisfaction. Indeed, it would be an extreme case which would justify saying to a defendant, against his protest, that he must not accept from the complainants a discharge in full of all damages and upon such terms as he might think for his interest, and in place thereof must rely upon anybody's guaranty for his ultimate protection against costs and damages.

[2] With these conditions in mind, it must be clear that the manufacturer's application to intervene and control the cause should be made promptly. If it is known to complainants that the manufacturer is participating in the defense of such a suit, he becomes privy to the suit, and is bound by, or may take advantage of, the decree; but, if such participation is not known to the complainants, then a decree binds neither. Lane v. Welds (C. C. A. 6), 99 Fed. 286, 288, 39 C. C. A. 528; Penfield v. Potts (C. C. A. 6), 126 Fed. 475, 480, 61 C. C. A. 371; Cramer v. Singer (C. C. A. 9), 93 Fed. 636, 35 C. C. A. 508; Hanks' Ass'n v. International Co. (C. C. A. 2), 122 Fed. 74, 58 C. C. A. 180; Jefferson Co. v. Westinghouse Co. (C. C. A. 3), 139 Fed. 385, 71 C. C. A. 481. So long as such a manufacturer has not assumed open control of the action and the attorney, he is not a party, but only a "sympathetic and interested nonparticipant." General Elec. Co. v. Morgan, etc., Co. (C. C. A. 7), 168 Fed. 52, 56, 93 C. C. A. 474.

It is thus evident that a manufacturer who, until after a decision by the court, delays not only his application to come on the record as a party, but even any notice to complainants that he is substantially a party, is, whether intentionally or not, experimenting with the court and maintaining himself in a position where he will not be bound by the decree if it is against him, but where, if it is against the complainants, he can take advantage of it as the general public can in a patent case. It follows further that when patentees bring suit against a dealer, and so long as they have neither notice nor knowledge that a manufacturer is participating in the defense, they may settle their controversy with the dealer upon any terms satisfactory to both; and that, whatever consideration might otherwise be given to the manufacturer's application to intervene, it must be denied if it is delayed until after the known parties have settled the controversy. This conclusion makes it unnecessary to consider whether, in any event, intervention could be permitted in the appellate court upon application there first made.

We attach no importance to the fact that in this case Foote was, by the bill of complaint, said to be combining and confederating with others unknown, and that in some parts of the bill reference was made to the "defendants." No other defendant was named, and there was none.

[3] We observe by the record that the Circuit Court struck from the files the stipulation for decree in that court, apparently upon the ground that when the stipulation was filed the case was pending in this court upon appeal. An appeal from a motion granting a preliminary injunction does not have the effect to remove the cause to this court, but the cause generally remains in the court below, and continues in the control of that court. Section 129, Judicial Code. The distinction in this particular between such appeals as this and appeals from final decree was doubtless overlooked by the District Judge, if, indeed, he was not intending to exercise his discretionary power under this section.

We think it clear, upon the facts here appearing, that the consent decree to be entered in the court below against Foote can have no effect upon the rights of the Atlas Company or the Perry Company; but, in order that the situation may certainly appear in this light, we will impose upon the complainants, appellees, the condition that they file in this court their written stipulation reciting that the entry of the final decree in the court below and the dismissal of the appeal in this court are against the protest of the Atlas Company and of the Perry Company, and shall not be deemed, in any court or for any purpose, to be of any force whatever against the Atlas Company or the persons doing business as the Perry Company.

Upon the filing of this stipulation, the petition to intervene will be denied, and the motion to dismiss the appeal will be granted, without costs.