## CONTINUOUS EXTRACTING PRESS CORP. v. BALTIMORE PEARL HOMINY CO.

### (District Court, D. Maryland. June 7, 1917.)

PATENTS &⇒328—VALIDITY—CONTINUOUS PRESS.

The Fiddyment & McNally patent, No. 816,446, for a continuous extracting press, is void for lack of invention, in view of the prior art and analogous arts, and also for use of the patented structure for more than two years prior to the application.

In Equity. Suit by the Continuous Extracting Press Corporation against the Baltimore Pearl Hominy Company. On final hearing. Decree for defendant.

Frank, Emory & Beeuwkes, of Baltimore, Md., and Charles L. Sturtevant and Eugene G. Mason, both of Washington, D. C., for plaintiff.

John Watson, Jr., of Baltimore, Md., and William W. Dodge, of Washington, D. C., for defendant.

ROSE, District Judge. This is a suit on letters patent No. 816,446, issued March 27, 1906, to Fiddyment & McNally. The plaintiff, while resisting the dismissal of its bill, has offered no evidence in its support. The defendant has gone thoroughly into its case.

"Continuous presses," comprising a cylinder with feed inlet at one end and controlled outlet at the other, and an axial screw for moving the material through the cylinder and applying the requisite pressure thereto, are found in the prior art of record. Vide French patent, No. 173,944, to Perrett, February 3, 1886, with its addition of July 22, 1886; United States patent, No. 583,021, to Birkholz, May 25, 1897; United States patent, No. 647,354, to Anderson, April 10, 1900. All of these employ perforate cylinders, and are used to express moisture out of various substances. The prior art also discloses, in presses for making brick, tiles, etc., a like construction, except that the cylinder is not provided with perforations or openings for escape of liquid. Vide United States patent, No. 293,000, to Fate & Freese, February 5, 1884.

Although the two classes of presses are used to make different products, or to do different work, their general structure and principle of operation is very similar. It appears that, whether the material handled be fruits, grains, or other matters containing juices, oils, or

other liquids, or is such a substance as clay, the more or less plastic mass under treatment is liable to become so compacted between the respective turns of the screw as to wedge or bind therein, and to rotate bodily with the screw, instead of being moved forward by the same. The difficulty is the same in kind, though the substances treated are in other respects unlike. The proofs show that this difficulty has been met and overcome by like means in the two general classes of continuous screw presses noted; that is to say, one or more rigid baffles, blades, or knives are arranged to project inward from the cylinder of the press towards the axis of the screw, which baffles, by preventing the bodily rotation of the mass under treatment, enable the screw to move the substance towards the discharge end of the cylinder, and to exert thereon the requisite pressing action.

This construction, the essence of claims 13, 14, and 15 of the patent in suit, and alleged to be infringed, if found in the Anderson presses or expellers of the defendant, is likewise shown and described in United States patent to Birkholz, No. 583,021, which is for a continuous screw press for extracting moisture and having a perforate cylinder. It is also shown and described in United States patent to Fate & Freese, No. 293,000, which discloses baffles, blades, or knives arranged in a longitudinal series. Though the Fate & Freese machine is intended for handling clay, while the machines of plaintiff and defendant handle grains, fruits, or other substances, from which the liquid contents are to be expressed, the analogy between them seems complete so far as concerns the mode of operation, the difficulty encountered and the means for obviating it, and it is to these matters that claims 13, 14, and 15 relate. The proofs also sustain the defense of prior manufacture, sale, and use of the subject-matters of claims 13, 14, and 15 within the United States, more than two years prior to the application for the Fiddyment & McNally patent in suit.

It follows that the bill of complaint herein must be dismissed.