### CONTINUOUS EXTRACTING PRESS CORPORATION v. EASTERN COTTON OIL CO.

(District Court, E. D. North Carolina. January 24, 1920.)

No. 47.

1. Patents ⬢⇒290—Manufacturer may intervene in suit against dealer.

Under equity rule 37 (198 Fed. xxviii, 115 C. C. A. xxviii), the manufacturer of an article may, subject to the exercise of the discretion of the court, be allowed to intervene in a suit against the dealer for infringement of patent.

2. Patents ⬢⇒327—Judgment held conclusive as to validity of patent.

In a previous infringement suit, the intervener made itself a party, and though the patent was declared invalid because of anticipation and prior use, plaintiff took no appeal, *held* that, where plaintiff thereafter sued another dealer and the intervener was again allowed to become a party, the earlier judgment was a conclusive adjudication against the

⬢⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

validity of the patent, which plaintiff sought again to assert, for the issues and parties were the same, and the question could not be litigated a second time.

In Equity. Suit by the Continuous Extracting Press Company against the Eastern Cotton Oil Company, in which the V. D. Anderson Company was allowed to intervene. Bill dismissed.

W. A. Worth, of Elizabeth City, N. C., for plaintiff.

Dodge & Sons, of Washington, D. C., and Meekins & McMullan, of Elizabeth City, N. C., for defendant.

CONNOR, District Judge. Plaintiff, a Virginia corporation, brings this suit in equity against defendant, a North Carolina corporation, in which it alleges: That prior to the 3d day of April, 1905, John C. Fiddyment and John T. McNally were the first and original inventors of a new and useful invention in presses. That on the 27th day of March, 1906, letters patent No. 816,446 were issued to plaintiff corporation, which owned the same at the date of filing the bill herein, said Fiddyment and McNally having assigned to plaintiff said invention, all of which would fully appear by reference to the records of the Patent Office at Washington, D. C. That, being the owners of said letters patent, plaintiff established, by great industry and large expense, a lucrative business and trade with said invention and created a demand therefor to the extent of a great number of presses, whereby plaintiff had derived large profits and greatly benefited the public. That defendant, Eastern Cotton Oil Company, well knowing plaintiff's rights in the premises, without license or authority from plaintiff, and in disregard of and after specific and direct notice of plaintiff's rights and subsequent to the issue of said letters patent, and prior to the bringing of this suit for infringement, and in this district, has used and proposes to continue to use presses constructed in accordance with the invention in the said patent, greatly to plaintiff's injury. That defendant has, by the use of said presses, made large gains and profits. Plaintiff prays for a decree enjoining defendant from continuing to use said presses in infringement of its rights and for an accounting.

Upon filing the bill and service of the subpoena on defendant, the V. D. Anderson Company filed a petition in this court, asking permission to intervene herein, alleging that it is a corporation, organized and operating in the state of Ohio. It avers:

"That it is engaged in the business of the manufacture of presses or expellers for extracting moisture or oil from animal and vegetable substances of various kinds; that among presses so manufactured by it, as it is informed and believes, is the press or expeller which constitutes the basis of this suit; and that it is solvent and in good financial standing, and is operating under various letters patent of the United States."

That, though petitioner did not make the sale of such press directly as to this defendant, and is under no contractual relation with such defendant, nor legally bound to assume the defense in this suit, that it is nevertheless materially interested in the conduct and event of the said suit. That, in the absence of presentation to the court of controlling facts known to petitioner and heretofore reduced to the proofs duly filed and considered in the District Court of the United States for the District of Maryland in a previous suit under the patent here in controversy, which suit was directed to a machine of the

same mechanical construction and mode of operation as the one here sued upon, judgment might be entered declaring patent No. 816,446 to be good and valid in law and infringed, whereas in truth and in fact the only claims of said patent which, as petitioner is informed and believes, could possibly be held to read upon the aforesaid press or expeller of its manufacturer, have been adjudged invalid and void by reason of having been patented to others more than two years prior to the application for said patent No. 816,446, and further by reason of public use occurring in the United States more than two years prior to the filing of the application for said patent, each of which facts is, in itself, a statutory bar to the grant, and a complete defense against the claims of the patent sued upon, and that such adjudication has become final. That no appeal was taken from said decree. That petitioner is being harassed and injured in its business by reason of the acts and doings of plaintiff. That the present suit is not brought in good faith, but primarily to influence and intimidate the trade, and to cause it to refrain from buying petitioner's goods, etc.

Upon notice of said petition, an order was entered, by consent, on January 17, 1918, permitting petitioner, the V. D. Anderson Company, to intervene and become a party defendant in this suit, and to take such steps as were proper to defend its rights therein, in as full and ample manner as if said company had been an original party defendant herein.

The defendant herein, and the V. D. Anderson Company, intervener, on February 14, 1918, filed answers to the bill, denying the material allegations and setting up new matter by way of defense. As the case is now being disposed of upon intervener's motion to dismiss the plaintiff's bill, upon the grounds set out in said motion, and the record of the suit lately pending in the district of Maryland, only so much of the answers as relate to such motion is material to be referred to in this discussion.

It appears from the answers, the motion, and the record: That prior to the filing of the bill herein suit was brought by plaintiff against the Baltimore Pearl Hominy Company in the District Court for the District of Maryland, under letters patent No. 816,446, charging infringement, through the use of a press or expeller manufactured and sold by the V. D. Anderson Company of Cleveland, Ohio, the same as the press of defendant charged by plaintiff in this suit to infringe said patent. That plaintiff was ordered, but omitted and failed, to give security for costs in said suit, and after answer was filed sought to dismiss its suit. The motion to dismiss was denied. Plaintiff failed to take any proofs, alleging financial inability to do so. The V. D. Anderson Company proceeded to adduce proofs in support of the answer filed by defendant and upon such proofs and argument by counsel for plaintiff and defendant a decree was rendered by the judge presiding, adjudging:

"That claims 13, 14, and 15 of letters patent No. 816,446, granted and issued to John C. Fiddyment and John T. McNally, and bearing date March 27, 1906, all and each of them is invalid and void, being met and anticipated in and by the prior art, notably letters patent of the United States No. 583,021 granted and issued to Richard Birkholz, May 25, 1897, and No. 293,000 granted and issued to J. D. Fate and E. M. Freese February 5, 1884, and further because of manufacture, sale, and public use of the subject-matter of said claims and each of them, occurring in the United States more than two years prior to the application of said Fiddyment and McNally for said patent No. 816,446."

The bill was dismissed. Plaintiff filed herein a bill of particulars setting forth the specific claims in its patent, which it alleged were infringed by defendant herein. Plaintiff did not file any replication to defendant's answers. The V. D. Anderson Company, intervener, filed a motion in writing, to dismiss the bill, for that:

"The matter set out therein was res judicata by reason of the decision of the District Court of the United States for the District of Maryland in the suit referred to in the answer. That the structure involved in said prior suit was the same, in all respects, as the alleged infringing structure on which this suit is brought. That the plaintiff therein and herein designated claims 13, 14, and 15 of patent No. 816,446 as the claims infringed by said structure, and has in the present suit similarly designated said claims 13, 14, and 15 of said patent as the ones here alleged to be infringed. That no appeal was taken from the decree of Judge Rose in the said suit," etc.

Plaintiff herein filed no answer to the motion herein. The case was submitted upon the motion, the bill and answers, and certified copy of the decree in the suit pending in the District Court in Maryland and the affidavits of Frank B. Anderson and Scott F. Evans in support of the motion.

[1] The motion of the V. D. Anderson Company to be permitted to intervene is based upon the last clause of equity rule 37 (198 Fed. xxviii, 115 C. C. A. xxviii). Hopkins, New Fed. Eq. Rules (2d Ed.) 201. In Foote v. Parsons Non Skid Co., 196 Fed. 951, 118 C. C. A. 105, it is held that, subject to the exercise of the discretion of the court, the manufacturer of an article may intervene in a suit against the dealer for an alleged infringement of a patent. In this case this principle was recognized by plaintiff consenting to the petition by the V. D. Anderson Company. U. S. Expansion Bolt Co. v. Kroncke (D. C.) 216 Fed. 186. The same course was pursued in Dicks Press Guard Mfg. Co. v. Bowen (D. C.) 229 Fed. 193.

[2] It was not denied, upon the hearing of the motion to dismiss, that in the suit heard and determined by the United States District Court for the District of Maryland, in which the present plaintiff was plaintiff and the Baltimore Pearl Hominy Company was defendant, in which the V. D. Anderson Company was permitted to intervene, and with the knowledge of the plaintiff took over and defended against the charge of infringement of the same claims under patent No. 816,-446 here asserted as the basis of the present suit, in which the present defendant is charged with infringement. The claims upon which the decree in that case were based are clearly set out by Judge Rose in his opinion reported in 247 Fed. 555. In this condition of the record, the sole question presented upon the motion to dismiss is whether the V. D. Anderson Company, intervener in both suits, may rely upon the decree in the first suit to sustain its motion to dismiss the present suit.

It would seem to be clear, upon elementary principles of law, that if the parties, or those who were by orderly procedure brought into the record, had an opportunity and did in fact litigate before a court of competent jurisdiction the question upon which plaintiff's right to maintain the suit and the issue raised upon appropriate pleadings and evidence was submitted to and decided by such court, neither of the parties thereto will be permitted, in a second suit, to litigate the same

question. The general rule, with its limitations, has been so frequently announced in both state and federal courts that it may be treated as familiar learning. The principle is not confined to the original parties to the suit, but includes all who were directly interested in the subject-matter of the first suit, who appeared and took part in the litigation, introduced evidence, and had opportunity to cross-examine the witnesses. The principle, as applied to suits brought for infringement of patents, has been announced and applied in a number of cases.

Passing, for the present, the question whether the intervener is in a position to invoke the principle, whether, as to it, the claim asserted by the plaintiff in this suit is, by the decree rendered by the District Court of Maryland, res judicata, inquiry must be made whether the subject-matter of the litigation in the two cases is the same. Upon the hearing of the motion to dismiss, no denial that such was the fact was made; no answer was filed by the plaintiff to the affidavits filed by the V. D. Anderson Company. An inspection of the decree rendered by Judge Rose, and the opinion filed by him in the first case, discloses that the suit in the District Court of Maryland was brought by the present plaintiff against the Baltimore Pearl Hominy Company, alleging an infringement of patent No. 816,446. The decree confines the claims which were passed upon in said patent to 13, 14, and 15, which are clearly described. The decree declares that—

"The essence of claims 13, 14, and 15 of the patent in suit alleged to be infringed, if found in the Anderson presses or expellers of defendant, is likewise shown and described in United States patent to Birkholz, No. 583,021, in a continuous screw press for extracting moisture and having the perforated cylinder. It is also shown and described in United States patent to Fate & Freese, No. 293,000, which discloses baffles, blades, or knives arranged in a longitudinal series. Though the Fate & Freese machine handles clay, while the machine of plaintiff and defendant handles grains, fruits, or other substances from which the liquid contents are to be expressed, the analogy, so far as concerns the mode of operation, the difficulty encountered, and the means for obviating the difficulty, to which matters claims 13, 14, and 15 are directed, seems complete. The proofs also sustain the defense of prior manufacture, sale, and use of the subject-matters of claims 13, 14, and 15 occurring in the United States more than two years prior to the application for the Fiddyment and McNally patent, No. 816,446, in suit."

Upon these findings, claims 13, 14, and 15 of patent 816,446, issued to John C. Fiddyment and John C. McNally, and bearing date March 27, 1906, are, and each of them is, invalid and void. The bill of complaint was dismissed. This decree was entered June 7, 1917. No appeal was taken by plaintiff. This decree, read in the light of Judge Rose's opinion, leaves no doubt in regard to the issues presented and decided and the conclusion reached in that case. The conclusive effect of this decree, as between the parties to the record, and the rights acquired by the defendants, as against the claims asserted and relied upon by plaintiffs, are clearly stated in Kessler v. Eldred, 206 U. S. 285, 27 Sup. Ct. 611, 51 L. Ed. 1065. Mr. Justice Moody, writing for the court in that case, said:

"This judgment, whether it proceeds upon good reasons or upon bad reasons, whether it was right or wrong, settled finally and everywhere, and so far as Eldred, by virtue of his ownership of the Chambers patent, was concerned, that Kessler had the right to manufacture, use, and sell the electric cigar

lighter before the court. The court, having before it the respective rights and duties on the matter in question of the parties to the litigation, conclusively decreed the right of Kessler to manufacture and sell his manufactures free from all interference from Eldred by virtue of the Chambers patent, and the corresponding duty of Eldred to recognize and yield to that right everywhere. * * * If rights between litigants are once established by the final judgment of a court of competent jurisdiction, those rights must be recognized in every way, and wherever the judgment is entitled to respect, by those who are bound by it."

See Gaines v. Rock Spring Distilling Co. (C. C.) 179 Fed. 544.

Eldred was enjoined from prosecuting a second action on the patent.

The distinction between that case and the Rubber Tire Wheel Co. v. Goodyear Tire & Rubber Co., 232 U. S. 413, 34 Sup. Ct. 403, 58 L. Ed. 663, is clearly pointed out in the opinion of Mr. Justice Hughes. The principle announced in the Kessler Case is thus stated by the learned Justice:

"Under the doctrine of Kessler v. Eldred, the respondent, by reason of the final adjudication in his favor, was entitled to make and sell the Grant structure, and to have those who bought that structure from it unmolested in taking title and in enjoying the rights of ownership."

The principle was applied in Hubbell v. U. S., 171 U. S. 203, 18 Sup. Ct. 828, 43 L. Ed. 136.

The more serious question is the extent to which, in this case, the intervener, the V. D. Anderson Company, may invoke the decree in the first case as the foundation of its motion to dismiss this bill. The facts relevant to this inquiry, as they appear upon the record herein, are that in the suit in the District Court of Maryland, brought by the present plaintiff against the Baltimore Pearl Hominy Company, the V. D. Anderson Company—

"assumed the conduct and defense of said suit and filed its answer therein, though not formally intervening and being made a defendant eo nomine; * * * that proofs were taken on behalf of the V. D. Anderson Company, or of the nominal defendant, the Baltimore Pearl Hominy Company."

In Robbins v. City of Chicago, 4 Wall. 657, 18 L. Ed. 427, it appeared that one Woodbury, in an action against the city, recovered judgment for an injury sustained by a hole in the sidewalk of a public street, caused by the negligent failure of Robbins, the owner of the abutting property, to cover the hole made by him while making improvement to his lot. In an action by the city to recover over against Robbins, the question arose as to the extent to which the judgment in the first action against the city was binding upon Robbins. Clifford, J., said:

"Conclusive effect of judgments respecting the same cause of action and between the same parties rests upon the just and expedient axiom that it is for the interest of the community that a limit should be opposed to the continuance of litigation, and that the same cause of action should not be brought twice to a final determination. Parties in that connection include all who are directly interested in the subject-matter, and who had a right to make defense, control the proceedings, examine and cross-examine witnesses, and appeal from the judgment. Persons not having those rights substantially are regarded as strangers to the cause, but all who are directly interested in the suit and have knowledge of its pendency, and who refuse or neglect to appear and avail themselves of those rights, are equally concluded by the proceedings."

The principle is stated in Souffront v. La Compagnie Des Sucreries, 217 U. S. 475, 487, 30 Sup. Ct. 608, 612 (54 L. Ed. 846):

"One who prosecutes or defends a suit in the name of another to establish and protect his own right, or who assists in the prosecution or defense of an action in aid of some interest of his own, and who does this openly to the knowledge of the opposing party, is as much bound by the judgment and as fully entitled to avail himself of it as an estoppel against an adverse party, as he would be if he had been a party to the record." Theller v. Hershey (C. C.) 89 Fed. 575; Goodno v. Hotchkiss (D. C.) 237 Fed. 686, 699.

In Hart Steel Co. v. Railroad Supply Co., 244 U. S. 294, 299, 37 Sup. Ct. 506, 508 (61 L. Ed. 1148), Mr. Justice Clarke said:

"The doctrine of res judicata is not a mere matter of practice or procedure inherited from a more technical time than ours. It is a rule of fundamental and substantial justice, 'of public policy and of private peace,' which should be cordially regarded and enforced by the courts to the end that rights once established by the final judgment of a court of competent jurisdiction shall be recognized by those who are bound by it in every way, wherever the judgment is entitled to respect"—citing Kessler v. Eldred, supra; Goodno v. Hotchkiss, supra.

In Searchlight Horn Co. v. Am. Graphophone Co. (D. C.) 240 Fed. 745, 747, it is said:

"Clearly this court has no power to take any action which will take from the final decree to be entered in the California case the force and effect to which it is clearly entitled. Although the American Graphophone Company was not a party of record to the California litigation, its conduct in taking part in and managing the litigation makes it bound by any judgment therein as fully and to the same extent as though it were a party to the record."

The principle invoked by the V. D. Anderson Company is here clearly stated and applied conversely. It thus appearing that in an action in which the present plaintiff and the intervener, V. D. Anderson Company, were parties and privies, it was, upon a full hearing, arguments, and consideration, adjudged that the claims upon which the present suit is based are invalid, it would violate the basic principle upon which the doctrine of res judicata is founded to permit plaintiff by successive actions upon the same claims of the patent to vex and harass the customers of the V. D. Anderson Company. As held by numerous cases:

"An estoppel by judgment obtains as well in favor of those who are in privity as for and against those actual parties to the litigation in which the judgment was rendered." Gaines v. Rock Spring Distilling Company, supra.

The motion to dismiss is allowed. A decree may be drawn accordingly.