## WENBORNE–KARPEN DRYER CO. v. DORT MOTOR CAR CO.

(District Court, E. D. Michigan, N. D. July 15, 1924.)

No. 41.

1. **Patents ⊜290—Manufacturer may be permitted to intervene in suit for infringement against user.**

In a suit by a patentee, claiming infringement from the use by defendant of an article purchased by the latter from the manufacturer thereof, such manufacturer may, in the sound discretion of the court, be permitted to intervene as a party defendant.

2. **Patents ⊜327—Adjudication of invalidity in suit against manufacturer is binding on patentee in suit against user.**

Where claims of a patent have been adjudged invalid in a suit against the manufacturer of an alleged infringing article, the question of their validity is res judicata as between the parties to a suit by the patentee against a user of such articles, in which the manufacturer has become a defendant by intervention.

3. **Judgment ⊜675(1)—One assuming defense of a suit without knowledge of complainant is not bound by the decree.**

A person assuming the expense of defending a suit to which he is not a party, unless it is done openly and to the knowledge of complainant in the suit, is not bound by the decree.

In Equity. Suit by the Wenborne-Karpen Dryer Company against the Dort Motor Car Company. On petition of the Cutler Dry Kiln Company for leave to intervene. Petition granted, and, on consideration of answer of intervener, bill dismissed.

Charles F. Delbridge, of Detroit, Mich., and Cyrus W. Rice and William R. Rummler, both of Chicago, Ill., for plaintiff.

Carton, Roberts & Stewart, of Flint, Mich., and J. William Ellis, of Buffalo, N. Y., for defendant and intervener.

TUTTLE, District Judge. This is a patent infringement suit. Plaintiff, the Wenborne-Karpen Dryer Company, the owner of a patent for a process for drying coated surfaces, filed its bill of complaint herein against the Dort Motor Car Company as defendant, alleging that said defendant had infringed and was infringing said patent by practicing said process by the use of a certain dry kiln known as a "Cutler kiln" and "furnished by Cutler Dry Kiln Company" (hereinafter called the Cutler Company). The bill alleged that the patent in question had been adjudicated in a previous suit brought by the same plaintiff against one Rockford Bookcase Company as defendant in the United States District Court for the Northern District of Illinois, and had been, in such suit, sustained by the decree of said court. The bill further alleged that the same patent had also been involved in a suit brought by said plaintiff against the Cutler Company, as an alleged infringer thereof, in the United States District Court for the Western District of New York, and had been sustained by that court in that suit.

Defendant answered the bill, admitting that the dry kiln used by it for drying coatings was known as a "Cutler kiln," but denying infringement of plaintiff's patent, and claiming that such patent was void for lack of invention and lack of novelty.

⊜For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Thereafter defendant filed a petition for leave to file a supplemental answer herein, alleging in such petition that the dry kiln (the use of which by defendant was so complained of by plaintiff) was manufactured and sold to the defendant by the Cutler Company, the defendant in the New York suit referred to in the bill of complaint herein, and that since the filing of said bill and the answer thereto the decree of the District Court in such suit had been reversed by the Circuit Court of Appeals for the Second Circuit, which court had held said patent, as to the claims involved in that suit and also in the present cause, invalid. Defendant prayed that it might be permitted to file its supplemental answer, the proposed form of which it presented with its petition. As so presented, said proposed supplemental answer refers to the aforesaid decision of the Circuit Court of Appeals, holding the claims of the patent here in suit invalid, and alleges that the United States Supreme Court has denied a writ of certiorari to review said decision; that the defendant herein purchased the alleged infringing kiln from the Cutler Company, the successful defendant in such previous suit; and that by reason of the terms of the said purchase the Cutler Company has agreed to defend the present suit.

The Cutler Company has filed its petition for leave to intervene herein and to file its answer as a defendant. In addition to the facts already mentioned, the intervening petition alleges that petitioner has a large number of vendees who are using its alleged infringing kilns, and that the plaintiff threatens to sue and has actually sued several such vendees for such claimed infringement of the patent in suit, thereby harassing its customers and greatly injuring its business; that the defendant herein has not sufficient interest in the result of this suit to properly defend the same, but that petitioner has great interest in the result thereof, for the reason that petitioner fears that, if plaintiff obtains a decree against said defendant, it will pursue numerous others of petitioner's customers, all to its irreparable damage, loss, and injury. The answer, which petitioner prays that it be allowed to file as a defendant herein, sets forth the facts already referred to and alleges that by reason of the aforesaid decision of the Circuit Court of Appeals the issue here involved as to the validity of claims of the patent in suit is res judicata as between it and the plaintiff, and that therefore the bill should be dismissed.

Plaintiff has moved to dismiss the said petitions, on the grounds that the allegations thereof are insufficient, if true, to justify the relief prayed.

It is the desire of all parties that the court should determine the questions as to the right of the intervening petitioner to intervene as a defendant and as to the effect of the decree in the New York suit, before proceeding to the merits of the case as presented by the bill and original answer.

Equity rule 37, which is merely declaratory of the law as previously settled, provides that:

"Any one claiming an interest in the litigation may at any time be permitted to assert his rights by intervention, but the intervention shall be in subordination to, and in recognition of, the propriety of the main proceeding."

The intervener does not challenge the right of the plaintiff to file, nor the jurisdiction of this court to entertain, the present bill, and so the intervention sought is "in subordination to, and in recognition of, the propriety of the main proceeding."

[1] There can be no doubt that in a suit by a patentee claiming infringement from the use, by the defendant, of an article purchased by the latter from the manufacturer thereof, such manufacturer may, within the sound discretion of the court, be permitted to intervene as a party defendant, if such intervention appear to the court necessary to simplify and completely administer justice under the facts of the particular case. Foote v. Parsons Non-Skid Co., 196 Fed. 951, 118 C. C. A. 105 (C. C. A. 6); United States Expansion Bolt Co. v. H. G. Kroncke Hardware Co. (D. C.) 216 Fed. 186; Continuous Extracting Press Corporation v. Cotton Oil Co. (D. C.) 264 Fed. 340.

In view, then, of the obvious "interest in the litigation" claimed by the intervening petitioner, and all of the facts and circumstances appearing on the face of the pleadings, I am satisfied that justice to the parties as well as to the court requires that petitioner be permitted to intervene as a defendant. Any doubt which might otherwise exist as to the possession by petitioner of a real and substantial interest in this litigation is removed by the application to this case of the rule, first announced by the Supreme Court in Kessler v. Eldred, 206 U. S. 285, 27 Sup. Ct. 611, 51 L. Ed. 1065, and reaffirmed and followed by the court in subsequent cases, that a successful defendant in a suit involving alleged infringement, by the manufacture of certain articles, of certain claims of a patent, in which suit such claims have been held invalid, is thereafter entitled to have such plaintiff restrained from suing the defendant's customers for alleged infringement of the same claims by the use of such articles, purchased from such defendant. The proposed answer of the intervening defendant and the proposed supplemental answer of the original defendant, already referred to, will be accepted and treated as the defensive pleadings of the defendants respectively.

[2] The intervener having thus become a party defendant to this cause, it is clear that by reason of the decision, opinion, and decree of the Circuit Court of Appeals of the Second Circuit, already mentioned, holding the claims of the patent here in suit invalid for the reasons stated in such opinion (Wenborne-Karpen Dryer Co. v. Cutler Dry Kiln Co., 290 Fed. 625), the issue as to the validity of such claims is now res judicata as between the plaintiff and said defendant, and cannot be again litigated in the present suit (Kessler v. Eldred, supra; Rubber Tire Wheel Co. v. Goodyear Tire & Rubber Co., 232 U. S. 413, 34 Sup. Ct. 403, 58 L. Ed. 663; Woodward v. Hurd, 232 U. S. 428, 34 Sup. Ct. 409, 58 L. Ed. 670).

[3] It is suggested in one of the briefs of plaintiff, although not alleged in any of the pleadings herein, that the intervener paid the expense of defending the Illinois suit, brought by plaintiff against the Rockford Bookcase Company and already referred to, and that thereby said intervener became a privy to and bound by the decision in that suit. It is, however, not claimed by plaintiff (indeed, the contrary ap-

pears to be conceded by it) that the acts of the intervener in connection with such Illinois suit were open or known to plaintiff, and the act of a person, in assuming the defense of a suit to which he is not a party, not done openly and to the knowledge of the plaintiff in such suit, does not make the decision therein binding upon such person. Lane v. Welds, 99 Fed. 286, 39 C. C. A. 528 (C. C. A. 6).

It is urged by plaintiff that it does not appear that the infringing process referred to in its bill herein is limited to or dependent upon the use of dry kilns manufactured by the intervener. This, however, if true, is immaterial. It is apparent that what the plaintiff complains of is the use of such kilns by the defendant in practicing the process of the patent in suit. This is just what the plaintiff unsuccessfully sought to restrain in the New York suit, resulting in the decision holding such patent invalid. Moreover, aside from any question as to similarity between the alleged infringing conduct of the defendant in this cause and that of the intervener (defendant in said New York suit), the decision in the former suit on the validity of the claims involved in both suits is clearly as applicable here as it was there. That decision, therefore, is res judicata in this cause.

The bill must be dismissed. A decree will be entered accordingly.