## ALLINGTON et al. v. SHEVLIN–HIXON CO.

(District Court. D. Delaware. November 24, 1924.)

No. 532.

**I. Patents** &#x2257;**313—Plaintiff may dismiss bill where defendant not prejudiced except by prospect of future litigation.**

In absence of local rule, plaintiff may dismiss his bill for infringement as of course, on payment of costs, where dismissal would not prejudice defendant other than by mere prospect of being harassed and vexed by future litigation of same kind.

**2. Patents** &#x2257;**313—Intervener resisting dismissal of bill because of prospective future litigation not entitled to prevail.**

One seeking to intervene in patent infringement suit under equity rules 30 and 37, after plaintiff's motion to dismiss, has no valid ground for resisting motion merely because he and his customers will be harassed by future litigation.

In Equity. Suit for infringement by William E. Allington and others against the Shevlin-Hixon Company. On plaintiff's motion to dismiss, resisted by H. J. Burns, petitioning to intervene. Motion granted.

William G. Mahaffy, of Wilmington, Del., for plaintiffs.

Alfred H. Hildreth, of Boston, Mass., and Charles W. Smith, of Wilmington, Del., for defendant.

MORRIS, District Judge. The plaintiffs have moved that the bill of complaint, filed by them against the Shevlin-Hixon Company to enjoin the alleged infringement by that company of letters patent No. 1,123,155, owned by the plaintiffs, be dismissed without prejudice and with costs against the plaintiffs. An answer has been filed. No counterclaim is therein made. No testimony has been taken by either party. After the motion was set down for hearing, H. J. Burns asked to be made a party defendant. In his petition of intervention he alleges that he is the manufacturer of the apparatus claimed to infringe; that the apparatus in the plant of the Shevlin-Hixon Company, here complained of, was installed by him; that he assumed the defense of this suit, and has paid the expenses thereof with the knowledge of the plaintiffs; that he is informed and believes that prospective customers of defendant's apparatus have been threatened by the plaintiffs with infringement suits; that his business has been thus interfered with to his damage; and that he desires to avoid a multiplicity of suits and further damage to himself by having the question of whether or not the apparatus manufactured by him is an infringing one finally and promptly settled in and by this suit. In his proposed answer, which was submitted with the petition to intervene, Burns makes the allegations usual in an answer filed in an infringement suit. He also repeats therein the statements made, as above narrated, in his petition of intervention. He prays in his answer, not only that the bill of complaint be dismissed, but also, in reliance upon Kessler v. Eldred, 206 U. S. 285, 27 S. Ct. 611, 51 L. Ed. 1065, that the plaintiffs be perpetually enjoined from suing or threatening with suit on patent No. 1,123,155 either Burns or any purchaser, actual or prospective, of Burns' apparatus constructed and operating like the device alleged in the bill of complaint to operate in infringement of that patent. The motion of plaintiffs to dismiss their bill and the motion of Burns to intervene as a party defendant have been heard together. Affidavits have been filed by the plaintiffs and by Burns. The Shevlin-Hixon Company has done nothing with respect to either motion.

There is no local rule touching the voluntary dismissal of bills in equity. In the absence of such a rule the general principles of law pertaining thereto must govern. These principles have been recently summarized by Mr. Chief Justice Taft in Ex parte Skinner & Eddy Corp., 265 U. S. 86, 44 S. Ct. 446, 68 L. Ed. 912. There the following statement of the rule made in City of Detroit v. Detroit City Ry. Co. (C. C.) 55 F. 569, and approved in Pullman's Palace-Car Co. v. Central Transportation Co., 171 U. S. 138, 146, 18 S. Ct. 808, 43 L. Ed. 108, was again approved: "It is very clear from an examination of the authorities, English and American, that the right of a complainant to dismiss his bill without prejudice, on payment of costs, was of course except in certain cases. Chicago & A. R. Co. v. Union Rolling-Mill Co., 109 U. S. 702. The exception was where a dismissal of the bill would prejudice the defendants in some other way than by the mere prospect of being harassed and vexed by future litigation of the same kind."

In the Skinner & Eddy Case it was further said: "The usual ground for denying a complainant in equity the right to dismiss his bill without prejudice at his own costs is that the cause has proceeded so far that the defendant is in a position to demand on the pleadings an opportunity to seek affirmative relief and he would be prejudiced by being remitted to a separate action. Having been put to the trouble of getting his counter case properly pleaded and ready, he may insist that the cause proceed to a decree."

In Kessler v. Eldred, 206 U. S. 285, 27 S. Ct. 611, 51 L. Ed. 1065, it was held that the manufacturer of an apparatus after he has prevailed in an infringement suit instituted against him may, by a new suit brought by him for that purpose, obtain a decree of a court of equity restraining the person who was defeated in the infringement suit from interfering with the business of the manufacturer by bringing other infringement suits, based on the same patents and with respect to the identical device, against the customers of the manufacturer.

[1, 2] Before taking up the questions of Burns' right to intervene, the right of an intervener to obtain affirmative relief not obtainable by the original defendant, the right of an intervener to oppose a motion of a plaintiff to dismiss its own bill, and, if an intervener has such right, whether a person who delays making an application to intervene and to obtain affirmative relief until after plaintiffs move to dismiss their bill does not come too late successfully to oppose the motion to dismiss, let Burns' right to prevail in his opposition to plaintiffs' motion be first tested as if he were the original and sole defendant, and that, as such

defendant, he had filed the answer he now offers to file. As the general rules touching the right of a plaintiff to dismiss his own bill apply with like force to an infringement suit in equity against the manufacturer of the alleged infringing device, Burns could not, even if he were an original and sole defendant, prevent the dismissal sought by the plaintiffs, unless he could show prejudice otherwise "than by the mere prospect of being harassed and vexed by future litigation of the same kind." If Burns has here shown that he would be otherwise prejudiced, it is because, and only because, he has shown by his allegations, affidavits, and prayer for affirmative relief that he is here in a position to obtain the affirmative relief he desires, and that he would be prejudiced by being remitted to a new action. Yet, even if it be assumed that a manufacturer of an apparatus who is a successful party defendant in an infringement suit may in that suit obtain by way of affirmative relief an injunction of like tenor as that which may be awarded to him in an independent suit (Kessler v. Eldred, 206 U. S. 285, 27 S. Ct. 611, 51 L. Ed. 1065), the only affirmative relief which Burns has here placed himself in a position to demand is that of immunity from future litigation and its consequences. Hence, as I view it, the affirmative relief here sought is not of a character to take this case out of the general rule under which a plaintiff may, as of course, dismiss his bill without prejudice on payment of costs.

Turning from questions of law to the facts set up by the affidavits and alleged in the proffered answer, it is not there established, or even shown probable that, should the question of whether or not Burns' apparatus does infringe plaintiffs' patent be settled in favor of Burns in a suit between the plaintiffs and Burns, the plaintiffs would thereafter institute or threaten to institute suits against Burns' customers, actual or prospective, or otherwise interfere with his business.

But Burns is not a party defendant. Is he a person who is entitled under equity rule 37 to intervene? The maker of an alleged infringing article has in many cases been permitted to intervene in a suit instituted against one who has sold or used the article. Wenborne-Karpen Dryer Co. v. Dort Motor Car Co. (D. C.) 300 F. 404; Continuous Extract. P. Corp. v. Eastern Cotton Oil Co. (D. C.) 264 F. 340; Baldwin v. Abercrombie & Fitch Co., 228 F. 895, 898, 143 C. C. A. 293; United States Expansion Bolt Co. v. H. G. Kroncke Hardware Co. (D. C.) 216 F. 186; Foote v. Parsons Non-Skid Co., 196 F. 951, 118 C. C. A. 105. But, were Burns permitted to intervene, obviously he could not, any more than could an original defendant, defeat plaintiffs' motion without first putting himself in a position to seek affirmative relief. In the case at bar Burns did not seek to become a party to the cause or to obtain affirmative relief therein until after plaintiffs' motion to dismiss the bill had been filed. I think he comes too late, particularly as no reason has been given to explain his delay in making his applications. Cowham v. M'Nider (D. C.) 261 F. 714; Tower v. Stimpson (C. C.) 175 F. 130; Foote v. Parsons Non-Skid Co., 196 F. 951, 118 C. C. A. 105. See, also, Pullman's Palace Car Co. v. Central Transportation Co., 171 U. S. 138, 18 S. Ct. 808, 43 L. Ed. 108.

But, were he not too late, is it clear that an intervening party defendant may set up in his answer every counterclaim of an equitable character that he may have against the plaintiff? Under equity rule 30 the right of an original party defendant to set up in his answer his counterclaims against the plaintiff is very broad. American Mills Co. v. American Surety Co., 260 U. S. 360, 43 S. Ct. 149, 67 L. Ed. 306. It may be that the right of an intervening party defendant with respect to setting up counterclaims is, under equity rule 30, as broad as that of an original party defendant. But to permit, over the objection of the plaintiffs, a person to intervene not pro interesse suo only but as a party defendant (as to which see Chester v. Life Ass'n of Am. [C. C.] 4 F. 487), and then to permit such intervening party defendant to set up against the plaintiffs a counterclaim for affirmative relief that is not available to the original defendant, and to which the original defendant is not entitled, would be conferring upon such third person broad rights, indeed, with respect to the litigation, and might be extending the rights of such third person beyond the point intended by equity rules 30 and 37. See Curran v. St. Charles Car Co. (C. C.) 32 F. 835. But, as Burns' opposition to plaintiffs' motion to dismiss must fail in the case at bar upon other grounds, it is here neither necessary to determine nor is it determined whether it must also fail for want of power or right in Burns to seek in this cause affirmative relief that was not available to the original party defendant, the only person whom the plaintiffs elected to sue.

For the reasons stated, I am of the opin-

ion that the application of Burns to intervene as a party defendant should be denied, and the motion of plaintiffs to dismiss their bill of complaint without prejudice upon payment of the costs should be granted.