## TRETOLITE CO. v. DARBY PETROLEUM CORPORATION.

### No. 904.

District Court, N. D. Oklahoma.

Jan. 9, 1934.

446

Paul Bakewell, of St. Louis, Mo., and Edmund Lashley, of Tulsa, Okl., for plaintiff.

Warren D. Abbott, of Tulsa, Okl., for defendant.

F. A. Bodovitz, of Tulsa, Okl., and Arthur C. Brown, of Kansas City, Mo., for petitioner Demulso Corporation.

FRANKLIN E. KENNAMER, District Judge.

On September 25, 1933, the Tretolite Company filed suit against Darby Petroleum Company for infringement of plaintiff's patent No. 1,467,831 by the use of a preparation known as "Demulso" in treating petroleum emulsions. On October 10, 1933, Demulso Corporation, as manufacturer of "Demulso," filed its petition for leave to intervene. On October 11, 1933, by agreement of plaintiff and defendant, a consent decree was entered adjudging the patent valid and infringed, and awarding plaintiff its costs. Plaintiff waived all claims for damages for past infringement.

The case is now for decision on Demulso Corporation's petition for leave to intervene.

It is urged that petitioner merely sells a product used in a process, that the infringement consists in the practicing of the process, and not in the purchase of petitioner's product, and therefore petitioner has no interest entitling it to intervene. Reliance is placed on such cases as Angier v. Anaconda Wire & Cable Co. (D. C.) 48 F.(2d) 612,

which held that the manufacturer of a single element embodied in an alleged infringing device is without an "interest" which would warrant permitting its intervention in a suit against its customer. But where, as here, the "process" consists almost solely in use of the manufacturer's product, it would seem that the rule applied to the manufacturer of a device or machine, who is held to have an interest in the litigation, as that term is used with reference to interventions and as it is used in Equity Rule 37 (28 USCA § 723), should apply. Although the manufacturer is usually permitted to intervene in suits against his customer for infringement, the right to intervene is not absolute, but may be granted or refused in the sound discretion of the court. See Foote v. Parsons Non-Skid Co. (C. C. A. 6) 196 F. 951; Continuous Extracting Press Corporation v. Eastern Cotton Oil Co. (D. C.) 264 F. 340; Wenborne-Karpen Dryer Co. v. Dort Motor Car Co. (C. C. A. 6) 14 F. (2d) 378.

Does the exercise of sound discretion require the granting or the refusal of the petition for leave to intervene?

If the petition is granted, Demulso Corporation could not assume control of the litigation, prevent a dismissal of the suit by plaintiff, or a compromise and settlement between the original parties. It could not enlarge the issues to embrace matters not involved in the bill and answer, set up a counterclaim against plaintiff which is not available to defendant, nor seek to dismiss the action or vacate prior decrees. Powell v. Leicester Mills (C. C.) 92 F. 115; Foote v. Parsons, supra (C. C. A. 6) 196 F. 951; Allington v. Shevlin-Hixon Co. (D. C.) 2 F.(2d) 747; Leaver v. K. & L. Box & Lbr. Co. (D. C.) 6 F.(2d) 666; Whittaker v. Brictson Mfg. Co. (C. C. A. 8) 43 F.(2d) 485, 489, 490; Rheinberger v. Security Life Insurance Co. (D. C.) 4 F. Supp. 824; King v. Barr (C. C. A. 9) 262 F. 56; Board of Drainage Commissioners v. Lafayette Southside Bank (C. C. A. 4) 27 F.(2d) 286. This results from the application of the general rule that an intervention must be in subordination to, and in recognition of the propriety of, the principal action. Equity Rule 37 (28 USCA § 723); Guaranty Trust Co. of N. Y. v. Minneapolis & St. L. R. Co. (C. C. A. 8) 52 F.(2d) 418; Merriam v. Bryan (C. C. A. 9) 36 F.(2d) 578.

The case, therefore, is reduced to this: If Demulso Corporation be permitted to intervene, its activity in the case must be confined to a contest of the issues presented by

plaintiff's petition. Those issues have been adjudicated. The controversy between plaintiff and defendant was the matter in which plaintiff was interested, and was the source of its right to intervene. That controversy has ceased to exist. It should follow that petitioner's right to intervene no longer exists. See 47 C. J. 110; Kendrick v. Kendrick (C. C. A. 5) 16 F.(2d) 744; Brictson Mfg. Co. v. Woodrough (C. C. A. 8) 284 F. 484.

Leave to intervene after judgment in the principal action is usually denied. The exceptional cases in which it has been granted have been in situations materially different from that here presented, as where the intervener has an interest in property in custody of the court, or an interest in the carrying out or execution of the judgment, as distinguished from an interest in the issues which have been adjudicated. See Ring Refrigerator & Ice-Machine Co. v. St. Louis Ice, etc., Co. (C. C. Mo.) 67 F. 535; United States v. Northern Securities Co. (C. C. Minn.) 128 F. 808; Caldwell v. Guardian Trust Co. (C. C. A. 8) 26 F.(2d) 218; Dutcher v. Haines City Estates, Inc. (C. C. A. 5) 26 F.(2d) 669; Cincinnati, etc., R. Co. v. Indianapolis, etc., R. Co. (C. C. A. 6) 279 F. 356.

 It seems that denial of the petition to intervene is required. But Demulso Corporation resists this conclusion. Its contention is that plaintiff, by its action in this case, is guilty of unfair competition, and that the decree herein will cause its other customers to cease using its products. A similar contention was held of no avail in Thomas Huston Electric Co. v. Sperry Electric Co. (C. C. Ill.) 46 F. 75, and the Ring Refrigerator Case, supra (C. C.) 67 F. 535. A patentee's diligent prosecution of infringers of its patent does not constitute unfair competition, Bassick Mfg. Co. v. Adams (D. C. N. Y.) 26 F. (2d) 722, and is indeed the exact opposite of claiming infringement without suing, as in Flynn & Emrich Co. v. Federal Trade Commission (C. C. A. 4) 52 F.(2d) 836, and Dehydro, Inc., v. Tretolite Co. (D. C. N. D. Okl.) 53 F.(2d) 273, and of a case where the patent has been declared invalid in a prior suit, as in Kessler v. Eldred, 206 U. S. 285, 27 S. Ct. 611, 51 L. Ed. 1065. Furthermore, the consent decree in this case does not establish the validity of plaintiff's patent. Rousso v. Barber (C. C. A. 3) 3 F.(2d) 740, certiorari denied 267 U. S. 596, 45 S. Ct. 352, 69 L. Ed. 805; Bowers Dredging Co. v. New York Dredging Co. (C. C.) 77 F. 980. Compare National Enameling Co. v. New England Enameling Co. (C. C.) 123 F. 436; Perkins

Oil Well Cementing Co. v. Owen (D. C.) 293 F. 455; Wilson v. Consolidated Store-Service Co. (C. C. A. 1) 88 F. 286. Should plaintiff hereafter make improper use of the decree in this case, it is probable that Demulso Corporation is not without its remedy, although that question is, not now decided. But even if Demulso Corporation be without other remedy, that alone does not give it the right to intervene here. Glass v. Woodman (C. C. A. 8) 223 F. 621.

The petition for leave to intervene is denied.