## DUTCHER et al. v. HAINES CITY ESTATES, Inc., et al.

Circuit Court of Appeals, Fifth Circuit. June 13, 1928.

No. 5227.

Parties ⊙=40(3)—Purchaser at execution sale of property covered by notice of lis pendens had right to intervene to remove cloud on title.

Judgment creditor, purchasing property at execution sale, which was covered by notice of lis pendens in independent suit against debtor, having title superior to any lien asserted by plaintiffs in suit wherein lis pendens was filed, had right to intervene for purpose of removing cloud on title, without waiting for termination of suit, it being immaterial that title was acquired pendente lite.

Appeal from the District Court of the United States for the Southern District of Florida; Lake Jones, Judge.

Suit by George B. Dutcher and others against the Haines City Estates, Inc., wherein the Commercial Bank & Trust Company of Haines City intervened. Judgment for intervener, and plaintiffs appeal. Affirmed.

Hilton S. Hampton and John W. Bull, both of Tampa, Fla. (Hampton, Bull & Pen-cke, of Tampa, Fla., and Lee J. Clyatt, of Bartow, Fla., on the brief), for appellants.

H. S. Phillips, of Tampa, Fla., and Oliver C. Maxwell, of Haines City, Fla., for appellees.

Before WALKER, BRYAN, and FOSTER, Circuit Judges.

FOSTER, Circuit Judge. Appellants filed a bill against the Haines City Estates, Inc., and certain officers of that corporation, alleging fraudulent misappropriation of moneys paid in for the purpose of purchasing and improving certain lands described in the bill, and, claiming a lien on said lands, also filed a notice of lis pendens in the office of the clerk of the circuit court of Polk county, Florida. The bill further prayed for a receiver, but apparently no receiver was appointed.

After the institution of this suit the Commercial Bank & Trust Company of Haines City obtained a final judgment against the Haines City Estates, Inc., for $2,200, levied on certain property covered by the notice of lis pendens, and at the sale bought it in. The bank was then allowed to intervene, for the purpose of having the lis pendens canceled as to its property, and obtained judgment to that effect. To reverse that judgment this appeal is prosecuted.

It is not disputed that the title of the bank is superior to any lien asserted by appellants to the property, but it is contended the bank is a stranger to the suit, has no interest therein, and should not have been permitted to intervene. We are not impressed with the contention of appellants. It would be strange indeed if a court of equity could not remove a cloud on the title of property admittedly belonging to a third person, created by proceedings then pending before it, and without waiting for the termination of the suit. It is immaterial that the title was acquired by the bank pendente lite, as it is valid and cannot be affected by the pending litigation. The District Court had jurisdiction to allow the intervention and to render judgment as it did. Krippendorf v. Hyde, 110 U. S. 276, 4 S. Ct. 27, 28 L. Ed. 145; Mellen v. Moline Iron Works, 131 U. S. 352, 9 S. Ct. 781, 33 L. Ed. 178.

Affirmed.